## CODY *v.* FILLEY et al.

1. When the time is fixed within which one seeking an appeal shall file his statement of appeal, he must, to avail himself of the provisions of section 340 of the Code, prepare and file the statement and give notice to the opposite party or his attorneys before the expiration of the time fixed.

2. When the notice was not served until the day subsequent to the filing of the statement, the statement having been filed on the last day of the time limited, *held,* that the notice came too late, and that the statement must be disregarded.

3. To be considered in this court, the statement on appeal must be agreed upon by the parties, or settled by the judge, and so certified. It cannot rest solely upon *ex parte* affidavits as a mode of authentication when the trial was had since the adoption of the Code,

*Appeal from District Court of Gilpin County.*

Mr. WILLARD TELLER, for appellee, now moved to strike out the statement in this cause "because the same was not filed and notice thereof served in apt time, and the same was not settled as by law prescribed."

Messrs. BUTLER, WRIGHT & KING, *contra.*

*Per Curiam.* September 18th, 1878, the court, by an order, fixed forty days within which the appellant might file his statement on appeal, and undertaking. Within the

time limited by the Code, or within such further time as the court or judge may grant, the appellant, if he wishes to avail himself of the provisions of section 340 of the Code, is required to prepare a statement, *and* file the same, *and* give notice to the opposite party or his attorney of such filing. These several acts, connected by the copulative conjunction, must, in contemplation of the statute, all be performed before the time prescribed has expired. Two statements were prepared and filed. The principal statement was filed October 28, 1878, the last day limited by order of court. Not until a subsequent day was the notice served upon the opposite party. It came too late. The statement must, therefore, be disregarded. *Harper* v. *Minor*, 27 Cal. 107 ; *Kavanagh* v. *Mans*, 28 id. 261 ; *Bryan* v. *Maume*, id. 241.

Upon another ground also the statement cannot be considered. The statement was not settled by the court or judge, nor was it agreed upon by the parties, and so certified by them. *Harley* v. *Young*, 4 Cal. 284 ; *McIntyre* v. *Willis*, 20 id. 177.

It rests solely upon the *ex parte* affidavits of attorneys, a mode of authentication not recognized by the Code, unless in cases where trials have been had since it was adopted. § 195, Code.

The exceptions, sought to be preserved by the statement, were taken, if at all in this case, more than three years before said statement was verified, and they are, therefore, without validity under the Code.

The statement, therefore, verified by the affidavits of Hugh Butler and James B. Belford, attorneys for appellant, will be stricken from the record.

The additional statement on appeal signed by Judge BECK must also be expunged for the reason that notice that the same had been prepared and filed, was not given to the appellee either within the time prescribed by the Code, nor within the time as extended by order of court.

*Motion allowed.*