[No. 3270.   April 19, 1928.]

MILLER v. OSKINS et al.

[267 Pac. 62.]

See, also, 263 P. 766.

Charles B. Barker and C. J. Roberts, both of Santa Fe, for appellants.

E. P. Davies, of Santa Fe, for appellee.

OPINION OF THE COURT

PARKER, C. J.   A motion for certiorari was granted and return has been made thereto and filed.   A motion is now filed by appellee to quash the writ upon the grounds: (1)   That the application was not filed in time; and (2) that the papers called for by the writ are not a part of the files and records of the cause; and (3) the original præcipe filed for the transcript did not call for the papers now sought for by the writ.

The appeal was allowed May 11, 1927.   On May 25, a præcipe for the record was filed with the clerk.   On

June 13, 1927, the transcript on appeal was filed in this court. Appellants filed their brief in chief on September 30, 1927. On October 17, 1927, appellee filed a motion to dismiss the appeal on various grounds, which was denied by this court in an opinion handed down on December 31, 1927 (263 P. 764). On January 4, 1928, application for the writ of certiorari was filed and allowed. In explanation of the failure to make said application within 30 days after filing of the briefs in the case, as required by section 33, c. 43, Laws 1917, and our rule of June 8, 1927, which adopted said section as a rule in lieu thereof, it having been repealed by chapter 93, Laws 1927, § 11, appellants state that within said 30 days after the filing of the briefs, the motion to dismiss the appeal was filed, and that, pending the disposition of the same, it was deemed unnecessary to apply for such certiorari. This we deemed sufficient excuse, and awarded the writ, and we now adhere to that view.

The præcipe for the record filed does not specifically mention the papers afterwards sought by certiorari but it does call for certain specific papers and also requests "for the purpose of appeal in the above-entitled cause a complete transcript of all papers filed in said cause in your office." If the required papers were filed in the clerk's office, then this præcipe was sufficient.

The important point in this case is, however, whether these papers were in fact filed in the clerk's office. They were not formerly introduced in evidence and separately filed with the clerk. If they are in the case they came in by means of a motion to recall the execution and set aside the judgment, in which the following appears:

"That all said papers in said cause No. 11986 in the files of this court are hereby referred to, incorporated into, and made a part of this motion, to the same extent and effect as those set out herein."

This reference in the motion to these papers was perhaps sufficient to authorize their introduction in evidence, the same as if they or copies had been attached to the motion. But had they or copies been attached to the motion, it would still have been necessary to introduce them in evi-

dence in order to get the same before the court for consideration. This was not done. Had it been done they would have to be brought here by bill of exceptions and not as a part of the record proper. So it becomes impossible to consider these papers in passing upon the action of the district court. For this reason the motion to quash the writ and strike the papers from the files will have to be sustained; and it is so ordered.

BICKLEY and WATSON, JJ., concur.