[No. 3270.   Feb. 9, 1929.]

MILLER v. OSKINS et al.

[275 Pac. 97.]

C. B. Barker and C. J. Roberts, both of Santa Fe, for appellants.

E. P. Davies, of Santa Fe, for appellee.

### OPINION OF THE COURT

PARKER, J.   This case was before us on a motion to dismiss the appeal, which motion was denied.   Miller v. Oskins 33 N. M. 109, 263 P. 764.   The motion was based upon the proposition that the appellants, who are the sureties on the appeal bond of Oskins in his appeal from the judgment of the justice of the peace, had no right to appeal from an order denying their motion to vacate a judgment of affirmance and recall execution; that the principal on the bond, Oskins, was an indispensable party to the appeal; and other grounds not necessary to mention.   We held that the sureties had the right of appeal from the judgment, and that the principal on the bond, Oskins, was not an indispensable party appellant.   This leaves for consideration the correctness of the judgment of the district court in refusing to recall the execution and vacate the judgment against these sureties.

It appears that the motion to recall the execution and vacate the judgment was based upon the proposition that

the cause had theretofore been dismissed by the district court, and that, therefore, the district court had no jurisdiction to enter thereafter a judgment of affirmance of the judgment of the justice of the peace against appellant and his sureties on the appeal bond. The trouble with this proposition in this case is that there is no evidence in this case of the fact that the appeal from the justice of the peace was dismissed by the district court. This we expressly held in Miller v. Oskins et al. 33 N. M. 345, 267 P. 62, in which an attempt was made on the part of appellants to supply by certiorari the fact that there was a judgment of dismissal of the appeal from the justice of the peace. It therefore appears that there is no relief which can be granted these appellants. This result is unfortunate, and causes an apparent injustice to them, but the district court cannot be put in error when, under the circumstances, he has rendered a correct judgment.

For the reasons stated, the judgment will be affirmed, and the cause remanded, and it is so ordered.

BICKLEY, C. J., and WATSON, J., concur.