[No. 3429.   July 10, 1929.]

## FARMERS' COTTON FINANCE CORPORATION v. GREEN.

[279 Pac. 562.]

Edward D. Tittmann, of El Paso, Tex., for appellant.

J. F. Park, of Las Cruces, for appellee.

### OPINION OF THE COURT

BICKLEY, C. J. ▇ Appellee, on May 27, 1929, moved to dismiss the appeal. Movent complains that counsel for appellant, having duly secured an extension of time to file his brief, failed to comply with section 17 of rule XV of this court, requiring party securing extension to notify adverse party thereof within five days after the same is granted.   Nowhere in our rules is such failure made a ground for dismissing an appeal.

▇ It is also objected that the præcipe for the record calls for less than the entire record and fails to set forth

the questions appellant desires to have reviewed, and that therefore there is nothing before the court for review.

Counsel for appellee cites section 32, chapter 43, Laws 1917, and the decisions thereunder construing said section to be mandatory. In our decisions we held that we were restrained by this statute from allowing appellant, who had proceeded thereunder, the benefit of certiorari or amendment of his præcipe. In response to the sentiment of members of our Bar Association for a liberalization of appellate procedure, this and other sections of the Appellate Procedure Act were repealed by the Legislature of 1927 (Laws 1927, c. 933). Said section 32 was supplanted by our rule XI, preserving the purpose of the repealed section, but making additions thereto providing among other things:

"Supplemental præcipes and certiorari for diminution of the record shall be allowed in any cause at the discretion of the court and in furtherance of justice."

Rule XIV was also adopted, section 3 of which provides:

"No motion to dismiss an appeal or writ of error, strike a bill of exceptions or otherwise dispose of any cause except upon its merits, where such motion is based upon other than jurisdictional grounds, will be granted except upon a showing, satisfactory to the court, of prejudice to the moving party, or that the ends of justice require the granting thereof."

Appellee has referred us to the transcript for a discovery of the portions of the record which he claims are prejudicially omitted. Appellant says that such omissions are immaterial, and urges the insufficiency of the motion to dismiss, in that it contains merely general allegations of prejudice not supported by specific recitals supporting such general allegations. We do not decide whether the allegations of prejudice are sufficient or not, but we are unable to determine whether the portions of the record said to be omitted would be prejudicial to appellee. The appellant filed his brief in chief on April 22, 1929. Appellee's counsel refers to this brief as having been duly served upon him and as assigning errors. If appellee finds the record on file insufficient for a proper review

of the questions presented in appellant's brief, he may avail himself of the rule heretofore quoted.

The motion to dismiss the appeal is denied, and it is so ordered.

CATRON and SIMMS, JJ., concur.

WATSON and PARKER, JJ., did not participate.