[No. 3563. July 17, 1930.]

In re HEIMAN'S WILL.

WILSON v. RUTH et al.

[290 Pac. 742.]

L. S. Wilson, of Raton, per se.

F. S. Merriau, Fred J. Voorhees, and Daniel K. Sadler, all of Raton, for appellees.

OPINION OF THE COURT

WATSON, J.

The probate court of Colfax county allowed a number of claims. Minor heirs, by their guardian, attempted to appeal to the district court. It dismissed the appeal on procedural grounds and allowed the guardian an appeal to this court. On the docketing of the appeal citation issued to the executor. There never has been any citation to the claimants, who, as we assume for the purposes of this decision, are necessary parties.

The cause is now before us on two motions to dismiss the appeal; one by the executor alone, and one by the claimants and the executor. They were filed simultaneously.

██ The absence of necessary parties (the claimants), the first ground of the executor's motion, might, under other conditions, have required dismissal. We conclude, however, that those parties are here by general appearance. They attempted to appear specially, but, having set up numerous nonjurisdictional grounds for their motion, must be deemed to have appeared generally. Hammond v. District Court, 30 N. M. 130, 228 P. 758, 39 A. L. R. 1490; Christian v. Lockhart, 30 N. M. 484, 239 P. 285; Miera v. Sammons, 31 N. M. 599, 248 P. 1096.

██ The claimants specify in their motion and brief that the former is to be taken up only in case of the overruling of the executor's motion. To accede to this request would be to yield too much to technicality. Two motions simultaneously filed will be considered together if such course proves convenient or appears to promote substantial justice.

██ The notice of appeal required by App. Proc. Rule V, § 2, was not given, but this does not require a dismissal. Conley v. Davidson, 34 N. M. 421, 283 P. 52; Robinson v. Neal, 34 N. M. 436, 283 P. 52.

██ "Whether the district court erred in dismissing the appeal from the probate court" is set forth in the præcipe as the question appellant desires to have reviewed. We see no reason to doubt that this is a sufficient statement to warrant bringing up a partial record. App. Proc. Rule XI, § 4. Movants point out that the dismissal was based on numerous grounds, and claim that the statement of the question to be reviewed is insufficient, in that it fails to specify the particular error relied on or the legal proposition to be urged. Necessarily a successful appeal would require an attack on each ground on which the ruling was based. In such a case we see no occasion for greater particularity than appears here.

This disposes of the executor's motion. One additional ground assigned by the claimants in their motion will be noticed.

██ There appears in the transcript an affidavit, certified as having been filed in the cause, and which attempts

to excuse certain defects in the procedure of taking the appeal from the probate court. This affidavit is mentioned twice in appellant's præcipe—first in enumerating "the portion of record and evidence * * * (deemed) * * * necessary for such review; * * * " and, second, in the direction to "cause the court stenographer to prepare four transcripts of the evidence, to-wit, the affidavit of L. S. Wilson. * * * " The clerk, certifying the transcript, states that it is a "perfect transcript of the record and proceedings as called for by the præcipes * * * except that the attorney for the appellants has stated that the only evidence they desired transcribed by the court stenographer was the affidavit of L. S. Wilson, included herein, and that since the rules of the court provide that all papers filed with the clerk are a part of the record proper, that instead of the court stenographer making a copy of said affidavit, that the attorney for appellants modified, verbally, his præcipe to the clerk to include said affidavit as a part of the record proper and to disregard that portion of the præcipe that directs same to be made by the court stenographer. * * *"

Appellees claim that they were prejudiced by this attempt of appellant to vary his præcipe by parole. They say that they anticipated from the præcipe that a bill of exceptions was to be settled and that they would have opportunity to raise the point that the ex parte affidavit should be excluded from the transcript. They say also that a document called for by their supplemental præcipe and essential to the issues was omitted from the transcript, and that they relied upon notice of settling the bill of exceptions to examine the transcript for the discovery of such omissions.

In our judgment a motion to dismiss should not be granted because of the improper inclusion or exclusion of documents in or from the transcript. The matter is not jurisdictional, and, since there are other methods of correcting the transcript, we do not see how it can be prejudicial. App.. Proc. Rule XIV, § 3, Rule X, § 14, Rule XI, § 4; Alexander Hamilton Inst. v. Smith, 33 N. M. 631, 274 P. 51; Farmers' Cotton Finance Corp. v. Green,

34 N. M. 206, 279 P. 562; State ex rel. v. Faircloth, 34 N. M. 61, 277 P. 30.

Both motions should be overruled. It is so ordered.

CATRON and SIMMS, JJ., concur.

BICKLEY, C. J., and PARKER, J., did not participate.