[No. 3563. Sept. 5, 1931.]

In re HEIMAN'S WILL.

WILSON v. RUTH et al.

[2 Pac. (2d) 982.]

L. S. Wilson, of Raton, for appellant.

F. S. Merriau and Fred J. Voorhees, both of Raton, and Daniel K. Sadler, of Santa Fe, for appellees.

## OPINION OF ·THE COURT

HUDSPETH, J.

This is an appeal from a judgment of the district court of Colfax county, dismissing an appeal from the order of the probate court allowing claims against the estate, by L. S. Wilson, guardian of the heirs of the decedent. See 35 N. M. 167, 290 P. 742, where motions were disposed of.

Copied in the record proper there is an affidavit of appellant which appears to have been filed in this cause in the district court on the 19th day of August, 1929. This affidavit is specified by appellant as part of the record to be brought up under rule XI, paragraph 4, authorizing a partial record. The first part of this affidavit is a statement with reference to the service of notice of the appeal from the probate court on the executor.

Our statute authorizes the service of process, with certain exceptions, by private parties and the proof thereof by affidavit. This part of the affidavit might be considered in the nature of an officer's return of service. Batchelor v. Palmer et ux., 129 Wash. 150, 224 P. 685. The transcript fails to show that this affidavit was brought to the attention of the trial court. Under these circumstances the remainder of the affidavit, which is an attempt to excuse certain defects in the procedure in taking the appeal from probate court, cannot be considered here for any purpose. Miller v. Oskins, 33 N. M. 345, 267 P. 62; Henderson v. Dreyfus, 26 N. M. 542, 191 P. 442; Weeks v. Hays, 55 Fla. 370, 45 So. 987; Jeffords et al. v. Young et al., 197 Cal. 224, 239 P. 1054, 1055; Quartz Gold Mining Co. v. Patterson et al., 53 Ore. 85, 96 P. 551; Cody v. Filley et al., 4 Colo. 436; Tindall v. Chicago & Northwestern Ry. Co., 200 Ill. App. 556.

The Supreme Court of California in Jeffords v. Young, supra, said:

"The clerk's transcript indicates merely that certain papers were filed in his office and the date of their filing. It does not indicate, and the clerk is not competent to certify for purposes of review upon appeal, what papers were presented to and considered by the trial judge in support of or in opposition to a given motion."

And in Tindall v. Chicago & Northwestern Ry. Co., supra, the court said:

"If a defeated party could be permitted to make such matters a part of the record by ex parte affidavits, then on a motion for a new trial affidavits might be filed to show what rulings the court made upon the evidence and the instructions."

The transcript contains the motion to dismiss, in which all the appellees joined. The order of the district court sustaining this motion shows that the court acted upon two legal propositions, viz.: (1) Failure to issue and serve citation on the claimants; (2) the failure to file with the clerk of the probate court written directions as to papers and records to be transmitted to the district court, pursuant to the provisions of chapter 99, Sess. Laws 1915, 1929 Comp. §§ 34-420 and 34-421.

1929 Comp. § 34-420, provides that citation shall be issued and served upon all parties interested where the appeal is taken after the adjournment of the term, but does not specify the time within which such citation shall be served or by whom it shall be served. 1929 Comp. § 34-421, provides, among other things:

"That any person aggrieved by any decision of any probate court of any county in this state, may appeal to the district court of the county in which such decision may be rendered, by filing within ninety days of the rendering of any such decision with the clerk of such probate court a motion praying such appeal and a bond, with two or more sureties, conditioned that such appellant shall prosecute his said appeal with diligence and effect, and pay all costs of such appeal as shall lawfully be adjudged against him; and thereupon it shall be the duty of said probate clerk to prepare and forthwith transmit to the district court of said county all such papers and copies of all such records as such appellant shall in writing designate as necessary to be considered upon said appeal, and upon the receipt of the clerk of said district court of said papers from said probate clerk, the said clerk of said district court shall docket said appeal and papers as a cause in said district court and thereafter said appeal so docketed as aforesaid shall be tried de novo and determined in said district court as other causes are therein tried, and determined. * * *"

There is no time fixed within which the appellant shall file the written direction to the clerk.

Appellees maintain that 1929 Comp. § 34-419, a part of the Kearny Code, is to be read in connection with 1929 Comp. §§ 34-420 and 34-421. 1929 Comp. § 34-419, is as follows:

"Appeals from the judgment of the probate court shall be allowed to the district court in the same manner, and subject to the same restriction as in case of appeals from the district to the supreme court."

The scope of this section is, of course, restricted by the later acts with reference to appeals from the probate court, but operates on all subjects not embraced therein.

The adoption of a statute by reference, as regards constitutional limitations, was considered by this court in State v. Armstrong, 31 N. M. 220, 243 P. 333, and in the exhaustive opinion by Mr. Justice Watson a distinction is noted between references to prior existing law concerning methods of procedure and laws conferring or taking away substantial rights. The rule as to adoption of other

provisions by reference, which seems to apply in this case, is stated in Lewis' Sutherland Statutory Construction, § 405, p. 789 (2d Ed.) as follows:

"There is another form of adoption wherein the reference is, not to any particular statute or part of a statute, but to the law generally which governs a particular subject. The reference in such case means the law as it exists from time to time or at the time the exigency arises to which the law is to be applied."

The Supreme Court of Illinois, in Haas v. Lincoln Park Com'rs., 339 Ill. 491, 171 N. E. 526, 529, says:

"* * * The rule, however, applies only where the adopting statute makes reference to a particular act by its title or by some other specific description. Where the adopting statute makes no such particular reference, but refers generally to the law relating to or governing the subject under consideration, the adoption by reference will be regarded as including not only the law in force at the time the adopting act became effective, but also the law in force when the action or proceeding in question is taken. (Citing cases.)"

In Miera v. Akers, 25 N. M. 508, 184 P. 817, we followed this rule in construing this statute, and we hold that the statute refers to the laws and Rules of Appellate Procedure in force at the time of the filing of the petition for the appeal from the order of the probate court.

Our Rules of Appellate Procedure effective March 1, 1928, and in force at the time of the filing of the petition, provide for supplemental praecipes, and App. Proc. rule XIV, § 3, provides:

"No motion to dismiss an appeal or writ of error, strike a bill of exceptions or otherwise dispose of any cause except upon its merits, where such motion is based upon other than jurisdictional grounds, will be granted except upon a showing, satisfactory to the court, of prejudice to the moving party, or that the ends of justice require the granting thereof."

We are constrained to hold that the written direction as to the papers to be transferred to the district court is not jurisdictional. Farmers' Cotton Finance Corp. v. Green, 34 N. M. 206, 279 P. 562.

Where parties set up a nonjurisdictional ground for their motion to dismiss, they must be deemed to have appeared generally. In re Heiman's Will (Wilson v. Ruth et al.) 35 N. M. 97, 290 P. 742, and cases there cited.

It follows from the foregoing that the district court erred in dismissing the appeal, and that the judgment should be reversed and the cause remanded; and it is so ordered.

WATSON and PARKER, JJ., concur.

BICKLEY, C. J., and SADLER, J., did not participate.