

# The Attorney General of Texas

November 30, 1984

JIM MATTOX
Attorney General

Supreme Court Building
O. Box 12548
Justin, TX. 78711- 2548
512/475-2501
Telex 910/874-1367
Ilecopier 512/475-0266

714 Jackson, Suite 700
allas, TX. 75202-4506
4/742-8944

124 Alberta Ave., Suite 160
Paso, TX. 79905-2793
915/533-3484

)01 Texas, Suite 700
Houston, TX. 77002-3111
713/223-5886

806 Broadway, Suite 312
Lubbock, TX. 79401-3479
)6/747-5238

4309 N. Tenth, Suite B
cAllen, TX. 78501-1685
12/682-4547

)0 Main Plaza, Suite 400
an Antonio, TX. 78205-2797
512/225-4191

n Equal Opportunity/
Affirmative Action Employer

Honorable Henry Wade
District Attorney
Dallas County
Condemnation Section
Services Building
Dallas, Texas    75202

Opinion No. JM-237

Re: Effect of Senate Bill No. 42,
68th Leg., 2nd Called Session on
jurisdictions of certain county
courts at law in Dallas County

Dear Mr. Wade:

You have requested our opinion regarding the effect of Senate
Bill No. 42, Sixty-eighth Legislature, 2nd Called Session, on the
jurisdiction of County Courts of Dallas County at Law Nos. 2, 3, 4,
and 5. The bill provides in part:

> Section 2. The County Court of Dallas County
> at Law No. 1 has original and concurrent juris-
> diction with district courts in all civil cases in
> which the matter in controversy exceeds $500,
> excluding interest, and does not exceed $20,000,
> excluding interest, mandatory damages and
> penalties, attorney's fees, and costs.

> Section 3. The County Court of Dallas County
> at Law No. 1 has original and concurrent juris-
> diction with district courts in appeals of final
> rulings and decisions of the Industrial Accident
> Board, regardless of the amount in controversy.

Acts 1984, 68th Leg., 2nd C.S., ch. 15, §1, at 208, 209.

Specifically, Senate Bill No. 42 amended article 1970-3,
V.T.C.S., and increased the jurisdiction of Dallas County Court at Law
No. 1 so that its jurisdiction is original and concurrent

> with district courts in all civil cases in which
> the matter in controversy exceeds $500, excluding
> interest, and does not exceed $20,000, excluding
> interest, mandatory damages and penalties,
> attorney's fees, and costs.

Acts 1984, supra, at 209. In addition, the bill conferred

> original and concurrent jurisdiction with district
> courts in appeals of final rulings and decisions
> of the Industrial Accident Board, regardless of
> the amount in controversy.

Id. The legislature may establish the jurisdiction and organization of all county courts at law. Tex. Const., art. V, §1; Jordan v. Crudgington, 231 S.W.2d 641 (Tex. 1950); Attorney General Opinions M-1097 (1972); M-907 (1971).

The jurisdictions of the County Court of Dallas County at Law, Nos. 2, 3, 4, and 5 are set out in articles 1970-16, 1970-18, 1970-31.1, and 1970-31.2, V.T.C.S. Articles 1970-16, 1970-31.1, and 1970-31.2 make references to the jurisdiction of Court No. 1 before the enactment of Senate Bill No. 42. Because we believe that these reference statutes are statutes of general reference, we conclude that Senate Bill No. 42 increased the jurisdiction of Courts Nos. 2, 3, 4, and 5.

The jurisdiction of Court No. 1 was originally established in 1907. Acts 1907, 30th Leg., ch. LII, §2, at p. 115. In 1917 the legislature created Court No. 2 and provided that it

> shall have exclusive concurrent civil and criminal
> jurisdiction of all cases, original and appellate,
> over which by the laws of the State of Texas, the
> existing County Court of Dallas County at Law [No.
> 1], of Dallas county, Texas, would have original
> and appellate jurisdiction. . . .

V.T.C.S. art. 1970-16. Later, in 1963, the Fifty-eighth Legislature provided for the creation of Court Nos. 3 and 4 and provided that these courts

> shall have exclusive, concurrent civil
> jurisdiction of all cases, original and appellate,
> over which by the laws of the State of Texas the
> existing County Court of Dallas County at Law
> Number 1 and County Court of Dallas County at Law
> Number 2 have original and appellate
> jurisdiction. . . .

V.T.C.S. art. 1970-31.1, §2. In 1971, the legislature enacted article 1970a, V.T.C.S., which increased the jurisdictional amount in controversy for "all county courts at law." Finally, in 1977, the legislature created Court No. 5 and provided that

> [t]he court hereby created shall have exclusive,
> concurrent civil jurisdiction of all cases,
> original and appellate, over which by the laws of
> the State of Texas the existing County Courts of

> Dallas County at Law Nos. 1, 2, 3, and 4 have
> original and appellate jurisdiction.

V.T.C.S. art. 1970-31.2, §2. As indicated above, Courts No. 3, 4, and 5 do not have criminal jurisdiction, because the acts creating those courts expressly provided for only civil jurisdiction.

This series of statutes relating to the jurisdiction of the County Courts of Dallas County Nos. 2, 3, 4, and 5 are known as reference statutes. The rule of construction regarding general reference statutes is that the adopting statute includes not only the laws in force at the time the adopting statute became effective, but also subsequent legislation relating to those laws. See 82 C.J.S. Statutes §370 (1953); 73 Am. Jur. 2d Statutes §§28, 29 (1974); Annot. 168 A.L.R. 627 (1947); 2A Sutherland, Statutory Construction, §51.07 (4th Ed. 1973). This rule of construction should be compared with those adopting statutes which incorporate a particular provision of a statute by a "specific and descriptive reference" to the earlier statute. Specific reference statutes incorporate only the adopted statute in existence at the time of the enactment and do not include subsequent modifications or additions unless there is legislative intent to the contrary. See St. Paul Mercury Insurance Co. v. Billiot, 342 S.W.2d 161 (Tex. Civ. App. - Beaumont 1960, writ ref'd); see also Trimmier v. Carlton, 296 S.W. 1070 (Tex. 1927).

As outlined above, article 1970-16 contains the language "shall have exclusive concurrent civil and criminal jurisdiction of all cases, original and appellate" over which Court No. 1 has jurisdiction. Articles 1970-31.1 and 1970-31.2 both contain the statutory language "shall have exclusive, concurrent civil jurisdiction of all cases, original and appellate" over which Court No. 1 has jurisdiction. See V.T.C.S. arts. 1970-31.1, §2; 1970-31.2, §2. This statutory language refers to the jurisdiction of Court No. 1 generally rather than incorporating article 1970-3, V.T.C.S., by specific or descriptive reference thereto.

Unlike the language used in the adopting statutes in this case, in Trimmier v. Carlton, supra, at 1074, the adopting statute was held by the Texas Supreme Court to make "specific reference" to a previous statute. The question involved in Trimmier was whether certain amendments to the Canales Act were applicable to the organization of reclamation and conservation districts. The Texas Supreme Court reasoned that the language in the adopting statute, which reads "shall be governed and controlled by the provisions of chapter 87, Acts of the Thirty-fifth Legislature [Canales Act] and amendments thereto," was statutory language of specific reference. The case was decided in favor of incorporating subsequent modification, however, because the language "and amendment thereto" was included in the adopting statute. Id. at 1074. Similarly, in St. Paul Mercury Insurance Company v. Billiot, supra, the Texas Court of Civil Appeals held that the adopting statute contained language of specific reference. The adopting statute provided that,

> [u]nless otherwise provided herein [the relevant section] of Article 8306 of the Revised Civil Statutes of Texas, 1925, <u>as amended</u> [is] hereby adopted and shall govern. . . .  (Emphasis added).

V.T.C.S. art. 8309c, §6 (repealed 1973). Thus, we believe that Texas courts require a specific and descriptive reference to the statute being incorporated in order to construe a statute as one of specific reference. Those adopting statutes that do not contain such statutory language, such as those involved herein, are statutes of general reference.

The language used by the legislature to establish the jurisdiction of Court Nos. 2, 3, 4, and 5 is similar to the language used in <u>In Re Heiman's Will</u>, 2 P.2d 982 (N.M. 1931). In that case, the New Mexico Supreme Court held that the adopting statute which contained the language

> appeals from the judgment of the probate court shall be allowed to the district court in the same manner, and subject to the same restrictions as in case of appeals from the district to the supreme court

was a statute of general reference. <u>Id.</u> at 984. Similarly, in <u>Howard v. State</u>, 267 S.W.2d 763, 764 (Ark. 1954), the Arkansas Supreme Court held that when an adopting statute contained the statutory language "an appeal will lie . . . as in cases of appeals from judgments of justices of the peace to circuit courts," the statutory reference was to the general law relating to that subject. Thus, we believe that the general statutory language, "shall have exclusive concurrent . . . jurisdiction of all cases, original and appellate," relates to the law as it existed when articles 1970-16, 1970-31.1, and 1970-31.2 were enacted and encompasses any subsequent amendment of the jurisdiction of Court No. 1 by Senate Bill No. 42.

Because there is no express intent, or any intent, shown in any of the statutes involved to exclude any subsequent amendment of article 1970-3, we are of the opinion that articles 1970-16, 1970-31.1, and 1970-31.2, V.T.C.S., are statutes which incorporate the jurisdiction of Court No. 1 by making general reference to its jurisdiction. In addition, we conclude that when the legislature enacted sections 2 and 3 of amended article 1970-3 with regard to the jurisdiction of Court No. 1, the jurisdiction of Courts No. 2, 3, 4, and 5 was increased as specified in sections 2 and 3 of amended article 1970-3.

## S U M M A R Y

Senate Bill No. 42, Acts 1984, 68th Leg., 2nd C.S., ch. 15, §1, at 208, which amended article 1970-3, V.T.C.S., and increased the jurisdiction

of the County Court of Dallas County at Law No. 1, also had the effect of increasing the jurisdiction of the County Court of Dallas County at Law Nos. 2, 3, 4, and 5 so that their jurisdiction is concurrent with district courts in all civil cases in which the matter in controversy exceeds $500, excluding interest, and does not exceed $20,000, excluding interest, mandatory damages and penalties, attorney's fees, and costs. Additionally, Senate Bill No. 42 conferred on these courts original and concurrent jurisdiction with district courts in appeals of final rulings and decisions of the Industrial Accident Board, regardless of the amount in controversy.

Very truly yours,

JIM MATTOX
Attorney General of Texas

TOM GREEN
First Assistant Attorney General

DAVID R. RICHARDS
Executive Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Tony Guillory
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Rick Gilpin, Chairman
Colin Carl
Susan Garrison
Tony Guillory
Jim Moellinger
Jennifer Riggs
Nancy Sutton