**UNITED STATES of America**

v.

**R. J. REYNOLDS TOBACCO COMPANY et al.**

**Civ. No. 1668–70.**

United States District Court,
D. New Jersey,
Trial Division.

May 11, 1976.

Donald Ferguson, U. S. Dept. of Justice, New York City, Jonathan L. Goldstein, U. S. Atty., by Andrew M. Higgins, Asst. U. S.

Atty., Newark, N. J., Thomas Bernstein, U. S. Dept. of Justice, New York City, for plaintiff.

Elmer J. Bennett, Newark, N. J., Guy Miller Struve, New York City, Clyde A. Szuch, Newark, N. J., Sanford M. Litvack, New York City, for defendants.

## MEMORANDUM RULING

BIUNNO, District Judge.

By informal letter, plaintiff wrote the court to assert that the fees and expenses of the expert witness appointed by the Court, and no part thereof, are not properly chargeable to plaintiff (the United States) under Fed.Ev.Rule 706.

The position is that under the order of appointment, the expert's functions are not those of an expert witness, i. e., to testify on particular areas of specialized knowledge, but rather to assist the court in investigating and understanding the entire case. It is argued that Rule 706 is designed to improve the quality of testimony by experts selected by the parties, and that there is no suggestion in the Rule or the Advisory Committee notes that such appointments may be made for the purpose of expert assistance to the Court.

The conclusion from this reasoning is that the payment of the fees and expenses charged to plaintiff "would constitute an unauthorized expenditure of funds prohibited by 31 U.S.C. § 628."

Plaintiff has read too little of the Rules of Evidence, of the Advisory Committee notes, and of the vast literature (both primary and secondary authorities) on the subject of expert witnesses and their function. The court will make no attempt here to review those materials. Suffice it to say that they are thoroughly gathered and arranged by the pattern of the Federal Rules of Evidence in at least two widely available publications, Title 28, "Federal Rules of Evidence" (West, 1975), and "Rules of Evidence for United States Courts and Magistrates" (Lawyers Cooperative, 1975), provided as a separate volume for each of the publications "U.S. Code Service, Lawyers'

Edition", "American Jurisprudence 2d", and "U.S. Supreme Court Digest, Lawyers' Edition".

█ As those materials will disclose, it is the very purpose of expert testimony to assist the trier of the facts (in this case, a court sitting without a jury) to understand, evaluate and decide the complex evidential materials in a case. This is such a case. See, Fed.Ev.R. 702.

█ Also, as provided by Fed.Ev.R. 703, there must be facts or data "in the particular case" upon which the expert opinion is based, and these must be those perceived (e. g., by a treating physician) or made known to him at or before trial; and while the expert may give his opinion without prior disclosure of underlying facts and data, he may be required "in any event" to disclose them on cross-examination, Fed. Ev.R. 705.

█ This brief set of references demonstrates the insubstantiality of the plaintiff's posture. The principles of Fed.Ev.R. 702, 703 and 705 apply to *all* expert witnesses, whether selected by the parties or appointed by the court. The only aspects that Fed.Ev.R. 706 deals with are appointment, compensation, disclosure of appointment and the right of the parties to call their own experts.

Suppose plaintiff engages an expert of its own, and on calling him as a witness the objection is made that he is not qualified, or that his testimony is unduly cumulative, or the like, and the court sustains the objection. The witness never testifies. Can plaintiff seriously contend that it could not compensate the witness for his services and expenses in preparing to testify, merely because of 31 U.S.C. § 628? Such a suggestion would be ridiculous.

The present case was filed more than 6 years ago. Ensuing proceedings and litigation elsewhere focused on the issue of jurisdiction. For whatever reasons, plaintiff either chose not to prepare for trial or acceded to such a request from defendants, but there was no stay in the cause. With the

jurisdictional issue resolved by other tribunals, this case is now active and unprepared. It must be moved and decided promptly. The appointment of the expert witness was the only way by which that might be achieved.

As the appointing order of February 19, 1976 indicates, it provides the instructions as to his duties for the "first phase" of his work, i. e., gathering and analyzing the facts and data on which one or more opinions may be based. A later order, before trial, will instruct him of his duties for testimony at trial.

■ Since part of the duties of the expert witness consists of obtaining facts and data from the parties, that aspect of his work is ancillary to the discovery process. Hence, refusal of plaintiff to pay its share of the fees and expenses of the expert may provide defendants with a basis for moving to dismiss the complaint under F.R.Civ.P. 37(b)(2)(C).

■ All who come before the court are equals in the eyes of the law. The United States, as plaintiff, has no special or different status than any other party. In fact, in its role as plaintiff, it carries the burden of persuasion.

The plaintiff's posture is without legal foundation. Fed.Ev.R. 706 became law by Act of Congress, P.L. 93–595, and the United States is bound by it as are all others. It will be expected to adhere to and comply with the court's orders for payment of compensation to the expert witness as they are issued from time to time.