John F. Morrison, Rivkin, Radler, Dunne & Bayh, Garden City, N.Y., for defendants.

**BOARD OF EDUCATION, YONKERS CITY SCHOOL DISTRICT, Plaintiff,**

v.

**CNA INSURANCE COMPANY and Continental Casualty Company, Defendants.**

No. 85 Civ. 8859–CLB.

United States District Court, S.D. New York.

Jan. 16, 1987.

MEMORANDUM AND ORDER

BRIEANT, Chief Judge.

By Memorandum and Order filed November 19, 1986 (647 F.Supp. 1495) this Court, *inter alia*, granted Plaintiff Board of Education's motion for summary judgment declaring that defense coverage exists under the first policy, and directed that Counsel "seek, without admitting liability, to stipulate to the total amount of the costs of investigation and legal defense of the underlying lawsuit, reasonably and necessarily incurred and to be incurred, solely on behalf of the insured, excluding services rendered to the co-defendants", in order that a final judgment may be entered. Familiarity of the reader with that decision and all prior proceedings herein is assumed.

This Court having been informed at its most recent status conference, held on January 13, 1987, that no such stipulation may be reached between the parties, the Court accordingly will proceed to try that remaining issue. This Court now on its own motion hereby appoints Sol Schreiber, Esq. as a Special Master, pursuant to F.R.Civ.P. Rule 53, and concurrently as a court-ap-

pointed expert pursuant to F.R.Evid. Rule 706.

The Court determines there is a necessity for a special master because the complex issues of the reasonable value of substantial attorney services and defense costs involved herein, and their necessity, together with the volume of evidence to be presented in a case such as this, are matters too intricate for an otherwise unaided jury. Rule 53(b), F.R.Civ.P.; *see generally Phelan v. Middle States Oil Corp.*, 156 F.2d 697 (2d Cir.1946). In addition, it is the very purpose of expert testimony to assist the trier of the facts to understand, evaluate and decide the complex evidential materials in a case. *See* Rule 702, F.R.Evid.; *United States v. R.J. Reynolds Tobacco Co.*, 416 F.Supp. 313, 315 (D.N.J.1976). This is such a case appropriate for a court-appointed expert, as well as a special master.

In connection therewith, the duties of the special master shall, without limitation, include gathering and analyzing the facts and data from the parties and witnesses, taking their testimony and reporting thereon, and testifying to his findings and conclusions at trial. *United States v. R.J. Reynolds Tobacco Co.*, 416 F.Supp. at 316 (functions and duties of court-appointed expert; Rule 706, F.R.Evid). In obtaining the requisite information, the special master is accorded the broad powers provided for masters by Rule 53 of the F.R.Civ.P.:

> "[T]he master has and shall exercise the power to regulate all proceedings in every hearing before him and to do all acts and take all measures necessary or proper for the efficient performance of his duties under the order. He may require the production before him of evidence upon all matters embraced in the reference, including the production of all books, papers, vouchers, documents, and writings applicable thereto. He may rule upon the admissibility of evidence ... and has the authority to put witnesses on oath and may himself examine them and may call the parties to the action and examine them upon oath...."
> 28 U.S.C. Rule 53(c).

The special master/expert shall be compensated from time to time as directed by the Court, and at the conclusion of the trial, such compensation to be paid by the parties in equal proportion, subject to reallocation by the Court as justice may require. *See* F.R.Civ.P. Rule 53(a); F.R. Evid. Rule 706(b).

Hearings may be conducted at New York City or White Plains or any other reasonably convenient place as directed by the master.

So Ordered.