870 P.2d 161

**In the Matter of the Petition of ADOPTION OF Gene H. STAILEY and Kay Arlene Stailey.**

**No. 14135.**

Court of Appeals of New Mexico.

Jan. 31, 1994.

Tom Udall, Atty. Gen., Judith A. Ferrell, Sp. Asst. Atty. Gen., Office of the Secretary, Children, Youth & Families Dept., Santa Fe, for Children, Youth and Families Dept.

J. Wayne Woodbury, Silver City, for Gene H. Stailey and Kay Arlene Stailey.

Celia Foy Castillo, Silver City, guardian ad litem.

## OPINION

DONNELLY, Judge.

The Children, Youth & Families Department (the Department) appeals from three orders denying a predecessor agency, the Child Services Division of the State Human Services Department (HSD), an award of costs, and directing that HSD pay costs, including witness and guardian ad litem fees, following the district court's denial of Petitioners' petition for adoption. The Department argues on appeal that the court erred in: (1) denying HSD its costs; (2) ordering that it pay Petitioners' costs; and (3) ordering that HSD pay the fee for an expert witness appointed by the court pursuant to SCRA 1986, 11–706(B), and to reimburse the Administrative Office of the Courts (AOC) for the attorney fees of the guardian ad litem. We affirm in part and reverse in part.

## FACTS

The HSD placed C.E.H. and C.S.P., two minor half-sisters, with Petitioners on September 2, 1986. Petitioners had been previously approved by HSD as foster parents. After the children had resided in Petitioners' home over four years, on November 1, 1990, HSD gave its written consent for Petitioners to adopt both girls.

Petitioners filed a petition to adopt the children on November 13, 1990. During the pendency of the adoption proceedings, on December 19, 1990, HSD, without prior notice to Petitioners, removed the children from Petitioners' custody. In part, HSD based its removal of the children from the home of Petitioners upon alleged physical and emotional abuse of C.E.H. by Kay Arlene Stailey. On January 10, 1991, Petitioners moved for issuance of an order to show cause, requesting that the court order HSD to appear and show cause why C.E.H. and C.S.P. should not be returned to the custody of Petitioners pending the hearing on the adoption. The court issued an order directing HSD to show cause on January 14, 1991. HSD filed an entry of appearance in the case on January 11, 1991. Hearings on the order to show cause were held on January 31 through February 1, 1991, and on February 19–20, 1991.

On January 11, 1991, the court appointed Celia Foy Castillo to serve as guardian ad litem for the children and, on March 14, 1991, pursuant to SCRA 11–706, the court appointed Lynn B. Daugherty, a psychologist, to serve as a court-appointed expert. The order appointing Dr. Daugherty directed, among other things, that she:

[R]eport the results of her investigation, evaluations and review, including any recommendations in regard to the future physical custody of the minor children, visitation, therapy and any other recommendation to this Court and to the attorneys ... to assist the Court in determining the placement of the minor children ... and determining whether the Petitioners are proper adoptive parents....

Dr. Daugherty conducted a psychological evaluation of Petitioners and the two children, and issued a written report on June 13, 1991, recommending that the children not be returned to Petitioners' custody.

At the conclusion of the hearing on the order to show cause, the court took the cause under advisement. Following receipt of Dr. Daugherty's report, on November 26, 1991, the court wrote a lengthy letter to counsel in the case stating, among other things, that "[b]ased on the testimony ... [and] evidence ... and the extensive report and recommendations of Dr. Daugherty, this Court is constrained to deny Petitioner's [sic] motion that the children ... be returned to the Petitioners and [deny their request] that a decree of adoption be granted to them."

The letter additionally recited: "[Petitioners'] continued procrastination in obtaining

[family] therapy and the other factors [listed by the court] leave this Court with no alternative but to find that there is little likelihood that that therapy would be obtained if the children are returned to [Petitioners'] home." The court also said:

Despite my finding that [HSD] breached [its] own Adoption Placement Agreement, that they had little or no basis for taking the action they took in December, 1990, or if they had a basis, they did not have documentation of it, I cannot in good conscience make a finding that it is in the best interest and welfare of these two girls to return them to the [Petitioners'] home. . . .

Although the court ruled in favor of HSD, it criticized HSD's actions leading to the removal of the children from Petitioners' home. The court also noted that HSD's placement of the children with Petitioners had been "handled by the Department in a distressingly poor fashion"; that HSD had "failed in [its] obligation to keep all of the parties, including this Court, advised of the developments throughout the period that the children were in foster care"; and HSD's concerns leading to the removal of the children from Petitioners' home were never brought to the court's attention in periodic review hearings conducted in other cases.

The court's letter also concluded that there was no documentary evidence to explain the shift in position by an expert witness relied upon by HSD at the hearing on the order to show cause, and that witness's earlier position that Petitioners were suitable adoptive parents when the two girls were initially placed with Petitioners. The court further observed that at trial HSD emphasized that Petitioner Kay Arlene Stailey was in need of psychological counselling, but that no one from HSD ever sought to determine if she was receiving therapy, and "[t]he emphasis on her receiving therapy only arose in 1990," and "this aspect of the case was poorly managed and handled."

Because of the findings set forth in its letter, the court stated it would order the Department to "reimburse the Petitioners for all of their costs of this action and . . . [to] reimburse the DFA and the Administrative Office of the Courts" for the fee of Dr. Daugherty.

Following receipt of the court's letter directing that the Department reimburse Petitioners for "all of their costs of this action," Petitioners filed a motion requesting that the court also order HSD to pay Petitioners' costs and attorney fees, totalling in the sum of $8068.87. Included in this sum was Petitioners' claim of $4000 for payment of their attorney fees. The guardian ad litem also submitted a statement and request for payment of attorney fees in the amount of $3861.55. The court entered an order directing that HSD pay the guardian ad litem's fees in the sum of $3861.55. By separate orders entered the same day, the court denied Petitioners' request that the children be returned to their custody, denied their petition for adoption, but ordered that HSD pay Petitioners' costs in the amount of $4262.87. These orders, also entered June 8, 1992, directed that HSD reimburse the Department of Finance and Administration and the AOC in the amount of $14,270.42 "for the fee of the witness appointed pursuant to Rule 11–706, SCRA 1986. . . ."

*DISCUSSION*

The Department argues that because the court denied Petitioners' claims for relief, HSD was the prevailing party in the action, and the court erred in refusing to permit HSD to recover its costs as a matter of course. The Department also argues that the court erred in ordering HSD to reimburse Petitioners for all of their costs in this action. In advancing its arguments, the Department relies upon the provisions of both NMSA 1978, Section 39–3–30 (Repl. Pamp.1991), and SCRA 1986, 1–054(E) (Repl. 1992). Section 39–3–30 provides that a prevailing party shall recover its costs against the other party "unless the court orders otherwise for good cause shown." Similarly, SCRA 1–054(E) allows costs to be awarded to the prevailing party as a matter of course.

The party in whose favor a judgment is rendered is generally deemed to be the prevailing party. *South v. Lucero*, 92 N.M. 798, 804, 595 P.2d 768, 774 (Ct.App.), *cert. denied*, 92 N.M. 675, 593 P.2d 1078 (1979). Under both Section 39–3–30 and

SCRA 1–054(E), our Supreme Court has recognized, however, that a court is not compelled to mechanically award costs to a prevailing party but is invested with discretion. *See also Mascarenas v. Jaramillo,* 111 N.M. 410, 415, 806 P.2d 59, 64 (1991) (trial court's discretion in awarding costs will not be disturbed on appeal absent a showing of abuse). An abuse of discretion is demonstrated when the court's action is clearly untenable or is contrary to logic and reason. *Rivera v. Brazos Lodge Corp.,* 111 N.M. 670, 675, 808 P.2d 955, 960 (1991); *see also Spruyt v. Spruyt,* 115 N.M. 405, 407, 851 P.2d 1072, 1074 (1993).

Although the court's orders in the instant case, directing that HSD reimburse Petitioners for all of their costs, to pay the costs of the expert witness appointed by the court, and to reimburse the AOC for the attorney fees of the guardian ad litem, did not recite the reasons for the court's ruling, its letter decision, dated November 26, 1991, contained findings of fact and conclusions of law indicating the basis for its decision. *See McCaffery v. Steward Constr. Co.,* 101 N.M. 51, 55–56, 678 P.2d 226, 230–31 (Ct.App.1984) (court's letter decision may satisfy requirements of SCRA 1986, 1–052(B)(1) (Repl. 1992)).

## DENIAL OF COSTS TO HSD

■ The Department argues that because HSD was the prevailing party in the proceedings below, the court erred in not permitting HSD to recover its costs incurred in defending this action. We disagree.

■ SCRA 1–054(E) allows an award of costs to prevailing party "unless the court otherwise directs." *See also* § 39–3–30 (permitting denial of award of costs for "good cause"). The assessment of costs is entrusted to the sound discretion of the court, and absent a showing of an abuse of discretion, a reviewing court will not interfere with such discretion. *South,* 92 N.M. at 804, 595 P.2d at 774; *Robison v. Campbell,* 101 N.M. 393, 397–98, 683 P.2d 510, 514–15 (Ct.App.) (even if appellant is considered prevailing party, trial court can, for good cause, "otherwise direct" which party shall be allowed costs or amount of costs allocated), *certs. denied,* 101 N.M. 362, 683 P.2d 44 (1984); *Hales v. Van*

*Cleave,* 78 N.M. 181, 185, 429 P.2d 379, 383 (Ct.App.) (for good reason, court may decline to award portion of costs in favor of prevailing party), *cert. denied,* 78 N.M. 198, 429 P.2d 657 (1967).

The criticism of HSD recited in the court's letter decision primarily focused upon the acts of HSD in failing to keep the court apprised of its concerns about the suitability of Petitioner Kay Arlene Stailey as a foster parent or as a potential adoptive parent, the failure of HSD at an early date to clearly relay to Petitioners their need to obtain appropriate therapy, the acts of HSD in removing the children from Petitioners' home without prior notice to Petitioners and in violation of the adoption agreement, and the credibility of certain witnesses called by HSD. Virtually all of the acts and omissions cited by the court occurred prior to HSD's filing of its entry of appearance in the present case. However, HSD's behavior prior to the petition for adoption and its removing the children from Petitioners' home could reasonably have been viewed by the court as conduct that unnecessarily foreclosed the adoption and caused Petitioners to needlessly litigate. *See National Transformer Corp. v. France Mfg. Co.,* 215 F.2d 343, 362 (6th Cir.1954) (trial court's order directing each side to bear its own costs upheld where litigation was result of both parties permitting relationship to deteriorate into prolonged, burdensome, and costly litigation).

## TAXATION OF PETITIONERS' COSTS AND EXPERT WITNESS FEES

The Department also asserts that the court abused its discretion in ordering that HSD pay Petitioners' costs and the fee of the expert witness appointed by the court pursuant to SCRA 11–706. Whether a prevailing party may be required to pay the costs of the losing party, or whether the prevailing party may be required to pay the attorney fees of a guardian ad litem, constitute issues of first impression in New Mexico. In considering these questions, we have examined federal court decisions interpreting Federal Rule of Civil Procedure 54(d), because the language of SCRA 1–054(E) closely parallels its federal counterpart. *Cf.* Fed.R.Civ.P. 54(d). *See City of Birmingham v. City of Fairfield,* 396

So.2d 692, 696 (Ala.1981) (federal decisions construing Federal Rule of Procedure 54(d) highly persuasive where state rule is modeled on federal rule); *see also Sundial Press v. City of Albuquerque,* 114 N.M. 236, 239, 836 P.2d 1257, 1260 (Ct.App.1992).

### A. *Costs of Losing Party*

■ The Department contends that the court was without authority to award costs against the state. We disagree. In *Kirby v. New Mexico State Highway Department,* 97 N.M. 692, 698–99, 643 P.2d 256, 262–63 (Ct. App.), *cert. quashed,* 98 N.M. 51, 644 P.2d 1040 (1982), this Court, acknowledging that the statutes omitted any express provision governing the allowance of costs against the state, nevertheless held that successful claimants in a tort action brought against the state were entitled to recover their reasonable costs of litigation from the state. *Cf. United States v. R.J. Reynolds Tobacco Co.,* 416 F.Supp. 313, 315–16 (D.N.J.1976) (rejecting argument that costs of court-appointed expert witness could not be chargeable against United States).

■ The Department argues alternatively that even if costs may be assessed against the state generally, the court erred in ordering HSD to pay Petitioners' costs, because it was the prevailing party. A trial court is invested with wide discretion in awarding costs and may, under appropriate circumstances, order each party to bear its own costs. *See Hall v. State Farm Fire & Cas. Co.,* 937 F.2d 210, 216–17 (5th Cir.1991). The court cannot, however, order a prevailing party to share, or shoulder, all or part of the costs of an unsuccessful litigant, unless the costs are intended to serve as a sanction and the court clearly expresses its reasons for imposing such sanction. *See id.* (court may not order prevailing party to pay costs of losing party unless costs intended to serve as sanction); *Jones v. Schellenberger,* 225 F.2d 784, 794–95 (7th Cir.1955) (prevailing party charged with costs where conduct caused prolonged litigation and increased costs), *cert. denied,* 350 U.S. 989, 76 S.Ct. 476, 100 L.Ed. 855 (1956); *see also Sheets v. Yamaha Motors Corp., U.S.A.,* 891 F.2d 533, 539 (5th Cir.1990) (trial court, in exceptional circumstances, may tax costs against prevailing party as a sanction). *See generally* Laura B. Bartell, *Taxation of Costs and Awards of Expenses in Federal Court,* 101 F.R.D. 553, 562–63 (1984).

■ Absent a finding of bad faith or misconduct by a prevailing party during litigation, we conclude that neither SCRA 1–054(E) nor Section 39–3–30 authorizes a court to award costs *against* a prevailing party. *See Hall,* 937 F.2d at 216. The record fails to show facts which would support a finding of exceptional circumstances amounting to bad faith or misconduct on the part of HSD during the course of the litigation in the instant case so as to justify the imposition of sanctions against HSD.

In construing Federal Rule of Civil Procedure 54(d), the court in *Baez v. United States Department of Justice,* 684 F.2d 999, 1004 (D.C.Cir.1982) (per curiam), noted that a presumption exists that a prevailing party normally is entitled to costs as a matter of course and liability for costs is a normal incident of defeat. The court also observed:

> Every circuit court that has considered the question (ten out of twelve) has not only *recognized* the presumption, but has held that a court may neither deny nor reduce a prevailing party's request for costs without first articulating some good reason for doing so. Accordingly, federal courts have placed on the unsuccessful parties some burden of showing circumstances sufficient to overcome the presumption favoring the prevailing party. The result is that trial judges have rarely denied costs to a prevailing party whose conduct has not been vexatious when the losing party has been capable of paying such costs.

684 F.2d at 1004 (footnotes omitted); *see also Congregation of the Passion, Holy Cross Province v. Touche, Ross & Co.,* 854 F.2d 219, 222 (7th Cir.1988).

Thus we conclude that the court erred in ordering HSD to pay Petitioners' costs.

### B. *Payment of Expert Witness Fee*

■ Under SCRA 11–706(A) the court is invested with discretion to appoint an impartial expert witness to assist the court in

determining complex and disputed factual issues. *Sanders v. New Mexico Health & Env't Dep't*, 108 N.M. 434, 439–40, 773 P.2d 1241, 1246–47 (Ct.App.1989). SCRA 11–706(B) specifies the method of compensation for expert witnesses appointed by the court, and provides:

> Expert witnesses so appointed are entitled to reasonable compensation in whatever sum the judge may allow. The compensation thus fixed is payable from funds which may be provided by law in criminal cases and civil actions and proceedings involving just compensation under the fifth amendment to the United States Constitution and Article II, Section 2 of the New Mexico Constitution. *In other civil actions and proceedings the compensation shall be paid by the parties in such proportion and at such time as the judge directs, and thereafter charged in like manner as other costs.* [Emphasis added.]

██ The court is clothed with broad discretion under SCRA 11–706(B) in apportioning among the parties the costs of an expert witness appointed by the court. *See Webster v. Sowders*, 846 F.2d 1032, 1038 (6th Cir. 1988) (district court has authority to apportion costs under Fed.R.Evid. 706(b), including excusing impecunious parties from their share); *Computer Assocs. Int'l, Inc. v. Altai, Inc.*, 775 F.Supp. 544, 573 (E.D.N.Y.1991) (ordering that costs of expert witness appointed by court be borne equally by both parties), *aff'd in part on other grounds & vacated in part*, 982 F.2d 693 (2d Cir.1992); *Leesona Corp. v. Varta Batteries, Inc.*, 522 F.Supp. 1304, 1312 n. 21 (S.D.N.Y.1981) (court may apportion costs of expert regardless of ultimate victor in lawsuit). *See generally* 3 Jack B. Weinstein & Margaret A. Berger, *Weinstein's Evidence* ¶ 706[03], at 706–28 (1993).

██ Although the court, in appropriate instances, may direct that Petitioners and HSD both share the costs of an expert witness appointed by the court, we conclude on the basis of the record before us that, absent a showing of bad faith or other misconduct on the part of HSD during the course of the litigation or absent a showing that Petitioners are unable to pay a portion of the expert witness fee, the court erred in directing that HSD be required to pay the *entire* cost of the court-appointed expert witness. *See Badillo v. Central Steel & Wire Co.*, 717 F.2d 1160, 1165 (7th Cir.1983) (inability of party to pay is proper factor to be considered in granting or denying taxable costs).

## ATTORNEY FEES FOR GUARDIAN AD LITEM

The court also approved payment of attorney fees for the services of the guardian ad litem appointed by the court in the amount of $3861.55. The order directed that "HSD shall pay [such amount] to the Guardian Ad Litem." The Department argues that the court lacked the authority to order HSD to pay this award of attorney fees. The Department also contends that the award should be taxed as costs and assessed against the losing party.

NMSA 1978, Section 40–7–48 (Repl. Pamp.1989), in effect at the time of entry of the court's order, authorized the court to appoint a guardian ad litem for a child or children who are the subject of any proceeding for adoption. This section was repealed and replaced by NMSA 1978, Section 32A–5–33 (Repl.Pamp.1993) of the Adoption Act, effective July 1, 1993. *See* 1993 N.M.Laws, ch. 77, § 236. Former Section 40–7–48 was silent as to the method for payment of attorney fees for a guardian ad litem appointed by the court. Our Supreme Court, however, has promulgated an order adopting guidelines for the payment of attorney fees for counsel appointed by the court. *See* Supreme Court Miscellaneous Order No. 8000 filed November 17, 1987; *see also Sanders*, 108 N.M. at 440, 773 P.2d at 1247. This order generally governs the method of payment of attorneys appointed to serve as a guardian ad litem in adoption proceedings and authorizes payment of their fees from funds appropriated to the AOC. *See* Supreme Court Miscellaneous Order No. 8000 filed November 17, 1987.

While the Department appears to take the position that a district court could treat guardian ad litem attorney fees the same way it treats expert witness fees and order reimbursement to the AOC from the losing party, we need not decide whether the dis-

trict court may do so in the absence of a specific statute or rule. *See generally* G. Van Ingen, Annotation, *Allowance of Fees for Guardian Ad Litem Appointed for Infant Defendant, as Costs,* 30 A.L.R.2d 1148 (1953). For the same reasons expressed in our discussion of the expert witness fees, the court erred in directing that HSD be required to pay the entire cost of the guardian ad litem.

## CONCLUSION

For the reasons discussed above, we affirm the court's order requiring HSD to bear its own costs. The orders directing that HSD pay Petitioners' costs and reimburse the Department of Finance and Administration and the AOC for the fee of the court-appointed expert witness and the fee of the guardian ad litem are reversed, and the cause is remanded for further proceedings consistent herewith.

IT IS SO ORDERED.

CHAVEZ and PICKARD, JJ., concur.