**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**Opinion Number: 2009-NMCA-084**

**Filing Date: June 30, 2009**

**Docket No. 27,535**

**BILL J. PAPATHEOFANIS,**

       **Petitioner-Appellee,**

**v.**

**KATHERINE ALLEN,**

       **Respondent-Appellant.**

**APPEAL FROM THE DISTRICT COURT OF SANTA FE COUNTY**
**Raymond Ortiz, District Judge**

Bill J. Papatheofanis
Los Alamos, NM

Pro Se Appellee

James K. Leven
Chicago, IL

for Appellant

## OPINION

**VIGIL, Judge.**

**{1}**    This case concerns two orders of contempt against Wife arising out of the domestic relations case between Wife and her former spouse (Husband). We affirm in part and reverse in part.

## BACKGROUND

**1.**    **First Order to Show Cause (Fees)**

**{2}**    The district court appointed a Rule 11-706 NMRA expert in the domestic relations

1

case between Husband and Wife, and subsequently ordered Husband and Wife to each pay one-half of the $1100 outstanding balance they owed to the expert. Rule 11-706 (providing that the court may appoint an expert witness of its own selection to give evidence in the action and apportion the cost among the parties). After the expert notified the district court by letter that she had not received payment from either party, the district court on its own motion issued an order to show cause why Husband and Wife should not be held in contempt for violating the order to pay the expert's fees.

## 2.     Second Order to Show Cause (Periods of Responsibility)

**{3}**     The district court also entered an order which established Husband's periods of responsibility with Child. On December 22, 2006, Husband filed a motion for an order to show cause why Wife should not be held in contempt for violating the court order scheduling Husband's periods of responsibility with Child. Husband alleged that Wife had denied Husband his periods of responsibility with Child on November 30, 2006, December 3, 2006, and December 21, 2006 and, in bad faith, claimed that weather conditions excused her failure to comply. On December 28, 2006, the district court issued an order to show cause. On January 9, 2007, Husband filed an amended motion for an order to show cause in which he alleged that Wife also denied Husband's periods of responsibility with Child on December 22, 2006, and December 28, 2006.

**{4}**     Wife filed a response on January 30, 2007, denying the allegations on the basis that she had been unable to comply with the order due to bad weather conditions and she supplied supporting evidence of the weather conditions. The evidence consisted of a weather report indicating snow on November 30, 2006; a newspaper article from December 1, 2006 referring to snowy and icy conditions on November 30, 2006, and stating that schools and courts were closed; a weather report indicating snow on December 3, 2006; a weather report indicating snow on December 19, 2006; an online newspaper article from December 21, 2006, referring to snowy conditions on December 20, 2006; a note from a court clerk stating that the court was closed for the entire day on November 30, 2006, December 20, 2006, and December 21, 2006 and for half the day on December 22, 2006, and December 29, 2006; and a weather report indicating fog and snow on December 28, 2006.

## 3.     Hearing on Orders to Show Cause

**{5}**     On January 31, 2007, the district court held a hearing on both orders to show cause. On the first order to show cause, Husband's attorney informed the court that Husband had paid his portion of the fees owed. The district court held Wife in contempt for failure to pay her share of the fee, ordered Wife to pay a $250 fine, but allowed Wife to purge the contempt if she made full payment to the expert by February 28, 2007.

**{6}**     On the second order to show cause, Husband's attorney asserted that Wife had refused Husband's periods of responsibility with Child on November 30, December 3, December 20, December 21, December 22, December 23, December 28, December 29,

December 31, and January 14. Husband conceded to the inclement conditions on December 21 and December 29. Wife's attorney objected to the district court that Husband's attorney had "added dates today that are not mentioned in either of her order[s]" and that "there's no way that I could prepare or even talk to [Wife] with respect to other dates that [Husband's attorney has] mentioned today." After hearing testimony from Wife, Husband, and Child's guardian ad litem, the district court orally ruled that Wife had engaged in intentional contemptuous conduct by failing to provide Child for Husband's periods of responsibility on December 23, December 31, and January 14. None of these three dates were included in either written motion filed by Husband. The district court imposed a sanction of twenty-four hours in jail, with the sentence suspended pending strict compliance with the district court order. The district court also ordered Wife to pay Husband's attorney fees in the amount of $750. The written order, which was subsequently filed, added December 22, 2006, a date which was set forth in Husband's amended motion as an additional date of noncompliance. Wife appeals.

**DISCUSSION**

**{7}** Wife argues that the first order of contempt was improper because: (1) the district court lacks authority to sua sponte issue an order to show cause for civil contempt, and (2) the contempt power of the district court cannot be used to enforce ordinary civil judgments. Regarding the second order of contempt, Wife contends: (1) she was not provided with notice of all of the dates of the alleged noncompliance for which she was found in contempt, and (2) Husband failed to establish that Wife was able to comply with the order and willfully failed to comply. For the reasons explained below, we do not address Wife's last issue.

**{8}** The issues we address present questions of law, and our review is de novo. *See Reed v. State ex rel. Ortiz*, 1997-NMSC-055, ¶ 47, 124 N.M. 129, 947 P.2d 86, *rev'd on other grounds*, 524 U.S. 151 (1998) ("Questions of law or questions of mixed fact and law are generally reviewed de novo by appellate courts. It is the role of appellate courts to say what the law is and how the law should be applied to specific facts.") (citations omitted); *State v. Lead Indus. Ass'n, Inc.*, 951 A.2d 428, 464 (R.I. 2008) (stating that in the context of an appeal of an order of civil contempt, a de novo standard of review applies to questions of law, as well as to mixed questions of fact and law which purportedly implicate a constitutional right).

**1.     First Order of Contempt (Fees)**

**{9}** To properly classify a contempt proceeding as civil or criminal, we look to the purpose for which the district court exercised its contempt power. *See In re Klecan*, 93 N.M. 637, 638, 603 P.2d 1094, 1095 (1979). Because the district court in this case issued the first order of contempt for the purpose of compelling Wife's obedience with the order of the court requiring payment of the expert's fees, this contempt proceeding was civil in nature. *Id.* (stating that civil contempt proceedings are "instituted to preserve and enforce the rights of private parties to suits and to compel obedience to the orders, writs, mandates and decrees

3

of the court").

## A.     Authority to Sua Sponte Issue First Order to Show Cause

**{10}**     Wife argues that the district court did not have authority to sua sponte issue the order to show cause why Wife should not be held in civil contempt for failure to pay the expert's fees. Wife cites *State ex. rel Agee v. Chapman*, 922 S.W.2d 516, 519 (Tenn. Ct. App. 1995), for the proposition that a court cannot order sanctions for civil contempt on its own motion. The court in *Chapman* recognized a limit for a court on its own motion to impose a civil contempt sanction against a party litigant: "[T]he general rule seems to be that, since the sanction [to enforce the private right] is imposed for a party's benefit, the party has the power to waive that benefit. If a party does not seek to hold the opposing party in contempt, the court cannot impose civil sanctions on its own motion." *Id.* In the present case, the district court did not initiate the contempt proceeding for the benefit of a party litigant. Rather, the order to show cause was issued for the purpose of determining whether the court order to pay the Rule 11-706 expert's fees was violated.

**{11}**     Rule 11-706 provides the district court with authority to appoint "an independent expert unaligned with either party to assist the court in determining significant issues in the proceeding," *In re Sanders*, 108 N.M. 434, 439-40, 773 P.2d 1241, 1246-47 (Ct. App. 1989), and bestows upon the district court "broad discretion . . . in apportioning among the parties the costs of an expert witness appointed by the court." *In re Adoption of Stailey*, 117 N.M. 199, 205, 870 P.2d 161, 167 (Ct. App. 1994). Furthermore, "[t]his judicial power inherently includes the right, and the responsibility, to secure the payment of court-appointed experts particularly in the face of limited financial resources." *Philipbar v. Philipbar*, 1999-NMCA-063, ¶ 10, 127 N.M. 341, 980 P.2d 1075. Because the court appoints the Rule 11-706 expert, and it is charged with the responsibility of securing the expert's payment, it follows that the court must also be empowered to enforce its order sua sponte because in doing so, it is not enforcing the right of any party. We hold that the district court has inherent authority to sua sponte issue an order to show cause why a party should not be held in civil contempt for failing to comply with a court order to pay the fees of a Rule 11-706 expert. *Hall v. Hall*, 485 So. 2d 747, 750 (Ala. Civ. App. 1986) (recognizing inherent power of courts to institute contempt proceedings as a method of coercing compliance with court order); *In the Interest of S.L.T.*, 180 So. 2d 374, 378 (Fla. Dist. Ct. App. 1965) (recognizing power of court to institute indirect contempt proceedings on its own motion); *Ex parte Ray*, 192 S.W.2d 225 (Ark. 1946) (same).

## B.     Authority to Order Contempt for Failure to Pay Fees

**{12}**     Wife also argues that the district court erred in holding her in contempt for failure to pay the expert's fees, asserting that a court cannot use its contempt power to enforce ordinary civil judgments. Wife relies on *Hall v. Hall*, 114 N.M. 378, 838 P.2d 995 (Ct. App. 1992), in which we stated:

Husband generally contends that the use of contempt powers is not permissible to secure compliance with an ordinary civil judgment such as the property division judgment, and that wife should stand in no different shoes from any other general creditor of husband. We agree with husband that contempt may not be used to enforce ordinary civil judgments. In the domestic relations context, a party may not be held in contempt for failure to pay a debt arising out of the property division, but may be held in contempt for failure to pay a debt arising out of an award of support or maintenance.

*Id*. at 387, 838 P.2d at 1004.

**{13}** Wife's reliance on *Hall* is misplaced. The district court did not use its civil contempt power to enforce a civil money judgment. Instead, the district court invoked and exercised its civil contempt power to enforce its own order that Wife pay her share of the Rule 11-706 expert witness fees. Therefore, we hold that the district court appropriately exercised its contempt power when it issued the order of contempt for failure to pay the Rule 11-706 expert's fees.

**{14}** Because the district court had authority to sua sponte issue the order to show cause why Wife should not be held in contempt for failure to pay the Rule 11-706 expert's fees and to find her in contempt for her failure to pay the fees, we affirm the district court's first order of contempt.

**2.      Second Order of Contempt (Periods of Responsibility)**

**{15}** The purpose of the second contempt order was to compel Wife's compliance with the court order scheduling Husband's periods of responsibility with Child. As such, the second order of contempt was also civil in nature. *See In re Klecan*, 93 N.M. at 638, 603 P.2d at 1095. The contempt was also indirect because the alleged contemptuous acts, failure to abide by the order scheduling Husband's periods of responsibility, took place outside the presence of the court. *Id.* at 639, 603 P.2d at 1096 (stating that "[d]irect contempts are contemptuous acts committed in the presence of the court, while indirect, or constructive contempts, are such acts committed outside the presence of the court"). Therefore, the second order of contempt is classified as an indirect civil contempt.

**A.      Lack of Notice**

**{16}** Wife argues that the district court violated her right to due process because neither Husband's initial motion or amended order to show cause provided notice of the dates for which the district court actually held her in contempt.

**{17}** In cases of indirect civil contempt, due process requires that a party be given notice of the charges. *See Ex parte Fullen*, 17 N.M. 394, 403-05, 128 P. 64, 66-67 (1912)

(reversing an order of indirect civil contempt on the grounds that the party held in contempt did not receive notice of one of the specific charges upon which the contempt order was based); *First Midwest Bank/Danville v. Hoagland*, 613 N.E.2d 277, 286 (Ill. App. Ct. 1993) (stating that in indirect civil contempt proceedings due process requires notice of the charges, "an adequate description of the facts upon which the contempt charge is based," and that notice must be provided "within a reasonable time in advance of the hearing").

**{18}** Husband's initial motion and amended motion for an order to show cause provided Wife with notice to defend the allegation that she failed to comply with the court order scheduling Husband's periods of responsibility on the following dates: November 30, 2006, December 3, 2006, and December 21, 2006, December 22, 2006 and December 28, 2006. The record also reflects that Wife prepared a response providing defenses for those specific dates. It is undisputed that Wife was not given notice, prior to the hearing, that she was also charged with failing to comply on December 23, 2006, December 31, 2006, and January 14, 2007, and that the district court found Wife in contempt for failing to comply on those dates.

**{19}** Because Wife was not provided with notice of all of the alleged dates of noncompliance prior to the hearing on the order to show cause, her due process right to notice was violated. We therefore hold that the district court erred when it held Wife in contempt for failing to comply with the court order scheduling Husband's periods of responsibility with Child. We reverse the second order of contempt.

**B.      Failure to Prove Ability to Comply and Willful Noncompliance**

**{20}** Because we reverse the second order of contempt on the above basis, we do not address Wife's argument that Husband failed to prove Wife was able to comply with the order and willfully failed to comply.

**CONCLUSION**

**{21}** For the above reasons, we affirm the first order of contempt concerning the payment of the Rule 11-706 expert witness fees and reverse the second order of contempt concerning Husband's periods of responsibility with Child.

**{22}    IT IS SO ORDERED.**

 

_____
**MICHAEL E. VIGIL, Judge**

**WE CONCUR:**

_____
**MICHAEL D. BUSTAMANTE, Judge**

6

**ROBERT E. ROBLES, Judge**

Topic Index for *Papatheofanis v. Allen,* No. 27,535

| | |
|---|---|
| **CP** | **CIVIL PROCEDURE** |
| CP-CT | Contempt |
| | |
| **DR** | **DOMESTIC RELATIONS** |
| DR-CD | Child Custody |
| DR-CI | Custodial Interference |
| | |
| **RE** | **REMEDIES** |
| RE-CC | Civil Contempt |