# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

Opinion Number: _____

Filing Date: <u>December 9, 2015</u>

**NO. 33,704**

**SANTA FE WATER RESOURCE ALLIANCE, LLC,**

      Applicant/Appellant-Appellee,

v.

**JOHN D'ANTONIO, NEW MEXICO STATE ENGINEER**,

      Appellee/Appellant.

**APPEAL FROM THE DISTRICT COURT OF SANTA FE COUNTY**
**Francis J. Mathew, District Judge**

Law & Resource Planning Associates
Tanya L. Scott
Charles T. Dumars
Albuquerque, NM

for Applicant/Appellant-Appellee

Office of the State Engineer
DL Sanders, General Counsel
Gregory C. Ridgley, Special Assistant Attorney General
Santa Fe, NM

for Appellee-Appellant

**OPINION**

**HANISEE, Judge.**

{1} Applicant Santa Fe Water Resource Alliance, LLC petitioned the State Engineer (the Engineer) to change the point of diversion for a declared water right from farmland in Socorro County to a point north of the City of Santa Fe and for a change of use from agricultural to municipal. The Engineer granted the application but for much less water than Applicant argued it was entitled to under the declared right. Applicant appealed to the district court, and after extensive litigation, prevailed in all respects. Applicant moved the district court to tax its costs against the Engineer, and the district court granted Applicant's motion. The Engineer appeals the district court's order taxing costs, arguing that (1) the district court had no statutory authority to tax Applicant's costs against the Engineer; and (2) even if the district court had such authority, it abused its discretion in awarding costs in this case.

**BACKGROUND**

{2} In 1999, Augustine and Arlene Wagner (the Wagners) filed a declaration of ownership of a pre-1907 water right. *See* NMSA 1978, § 72-1-3 (1961) ("Any person, firm or corporation claiming to be an owner of a water right which was vested prior to the passage of Chapter 49, Laws 1907, . . . may make and file in the office of the state engineer a declaration . . . setting forth the beneficial use to which said water has been applied, the date of first application to beneficial use, the continuity thereof, the

location of the source of said water and if such water has been used for irrigation purposes, the description of the land upon which such water has been so used and the name of the owner thereof."). In 2001, the Engineer issued to the Wagners a permit to draw the amount of their declared right from a supplemental well for irrigation uses.

{3}     Applicant purchased the Wagners' water rights and petitioned the Engineer to change the point of diversion of the Wagners' declared right from the Wagners' land in Socorro to a point north of Santa Fe. *See* NMSA 1978, § 72-5-24 (1985) (stating that "[a]n appropriator of water may, with the approval of the state engineer, . . . change the place of diversion, storage or use in the manner and under the conditions prescribed" for applications to appropriate water); *see also* Laura Paskus, *Death by a Thousand Cuts: Will Santa Fe's Campaign to Buy Up Water Rights Kill the Rio Grande?*, Santa Fe Reporter, June 27, 2012, *available at* http://www.sfreporter.com/santafe/article-6807-death-by-a-thousand-cuts.html (last visited October 13, 2015) (discussing the potential environmental impact of Santa Fe's policy of purchasing declared water rights in the Middle Rio Grande Valley to satisfy growing municipal demand)). Applicant also sought to change the approved use of the Wagners' right from agricultural to municipal.

{4}     The Engineer designated a hearing examiner, *see* NMSA 1978, § 72-2-12

(1965), who held a two-day hearing to take evidence and address various objections to Applicant's petition. The main issue at the hearing was the validity of the Wagners' claimed right. The hearing examiner rejected Applicant's contentions that the Wagners held a right to 292.005 acre-feet per annum of water, and instead found that Applicant had only demonstrated that the Wagners held a right to 61.236 acre-feet per annum. Accordingly, the hearing examiner held that Applicant was entitled to change the point of diversion for that quantity of water, and no more.

{5}     Applicant appealed the Engineer's decision to the district court. *See* NMSA 1978, § 72-7-1(A) (1971) ("Any applicant or other party dissatisfied with any decision, act or refusal to act of the state engineer may appeal to the district court of the county in which the work or point of desired appropriation is situated."). The district court held a bench trial in June 2013, and afterward the court issued its own detailed findings of fact and conclusions of law reversing the hearing examiner's decision and granting Applicant's petition in whole.

{6}     Afterward, Applicant submitted a bill of costs to the clerk of the district court. *See* Rule 1-054(D)(1) NMRA ("Except when express provision therefor is made either in a statute or in these rules, costs, other than attorney fees, shall be allowed to the prevailing party unless the court otherwise directs[.]"). The Engineer filed objections to Applicant's bill of costs. *See* Rule 1-054(D)(4) (setting out the

3

procedure for the prevailing party to move to tax costs and for the non-prevailing party to object to a bill of costs). The district court overruled the Engineer's objections and taxed Applicant's costs against the Engineer. The Engineer appealed the district court's order taxing costs.

**DISCUSSION**

**Section 72-7-1(D) Gives District Courts the Authority to Tax Costs Against the Engineer**

{7} The Engineer argues that the water code does not allow district courts to tax costs against the Engineer when a party appeals a decision it makes to the district court and wins. The Engineer's argument is as follows: under Rule 1-054(D), "costs against the state, its officers and agencies shall be imposed only to the extent permitted by law." The Engineer contends that because Section 72-7-1(D), which governs the taxation of costs in appeals from the Engineer's office to the district court, makes no express provision for the taxation of costs against the Engineer, Rule 1-054(D) bars district courts from awarding costs to prevailing appellants.

{8} As an initial matter, Applicant maintains we should decline to address this argument because the Engineer failed to raise it with the district court. We agree that the issue was not preserved, meaning also that the district court did not have an opportunity to rule on it. *See* Rule 12-216(A) NMRA ("To preserve a question for review it must appear that a ruling or decision by the district court was fairly

4

invoked[.]").

{9} Despite the Engineer's failure to preserve the issue, we will address the Engineer's argument because it raises a question of general public importance. *See* Rule 12-216(B)(1). "[W]e have invoked the general public interest exception to the preservation rule where review of the appellate issue is likely to settle a question of law affecting the public at large or a great number of cases and litigants in the near future." *Azar v. Prudential Ins. Co. of Am.*, 2003-NMCA-062, ¶ 28, 133 N.M. 669, 68 P.3d 909 (citing cases). In this case, whether costs may be taxed against the Engineer is a pure question of law that will apply (barring legislative intervention) to every appeal of the Engineer's decisions to district court. Moreover, the issue has been raised and briefed before the district court in other pending appeals from the Engineer's office. Accordingly, we address the merits of the issue raised by the Engineer for the first time on appeal.

{10} "Our primary task in construing statutory language is to effect legislative intent." *Benny v. Moberg Welding*, 2007-NMCA-124, ¶ 5, 142 N.M. 501, 167 P.3d 949.

> We start with the language [of the statute] itself, giving effect to its plain meaning where appropriate while being careful not to be misled by simplicity of language when the other portions of a statute call its meaning into question, or the language of a section of an act conflicts with an overall legislative purpose.

*Id.* (internal quotation marks and citations omitted).

{11}     We begin with the text of Section 72-7-1(A), (D), which states that in an appeal to a district court from a "decision, act or refusal to act of the state engineer . . . [c]osts shall be taxed in the same manner as in cases brought in the district court and bond for costs may be required upon proper application." *Id.* Section 72-7-1(D) gives district courts the ability to tax costs, but it does not allow or prohibit the taxation of costs against the state or the Engineer. Rather, it incorporates by reference the "manner" that costs are taxed in district courts generally.

{12}     Our Supreme Court considered an analogous question of statutory construction in *In re Heiman's Will*, 1931-NMSC-041, 35 N.M. 522, 2 P.2d 982. In that case, a probate court sustained the appellees' claims against an estate, a ruling that the executor appealed to the district court. *Id.* ¶ 1. The district court dismissed the appeal on two grounds: "(1) [the executor's f]ailure to issue and serve citation on the claimants; [and] (2) the failure to file with the clerk of the probate court written directions as to papers and records to be transmitted to the district court, pursuant to the provisions of [C]hapter 99, Sess. Laws 1915, 1929 Comp. §§ 34-420 and 34-421." *In re Heiman's Will*, 1931-NMSC-041, ¶ 5.

{13}     The appellant did not challenge the district court's conclusion that it had failed to comply with Sections 34-420 and 34-421. Instead, the appellant cited 1929 Comp.

6

§ 34-419, a section of the Kearny Code predating Sections 34-420 and 34-421, which stated that "[a]ppeals from the judgment of the probate court shall be allowed to the district court in the same manner, and subject to the same restriction as in case of appeals from the district to the [S]upreme [C]ourt." *In re Heiman's Will*, 1931-NMSC-041, ¶ 8 (internal quotation marks and citation omitted).Our Supreme Court held that the district court's dismissal of the appeal was improper because it did not follow the Supreme Court's rules of appellate procedure, to the extent that those rules did not conflict with the express terms of the statutes governing appeals from probate courts. *Id.* ¶¶ 12-15.

{14}    The *Heiman's Will* Court adopted the following rule: when a statute incorporates by reference the "law generally which governs a particular subject[,]" courts must read the statute to incorporate "the law as it exists from time to time or at the time the exigency arises to which the law is to be applied" to the extent that it does not conflict with the express terms of other statutes governing the subject. *Id.* ¶¶ 9-10 (internal quotation marks and citation omitted). Since a Supreme Court rule requiring the Court to find prejudice to the moving party in order to justify granting a motion to dismiss an appeal on non-jurisdictional grounds was in effect at the time the petition for leave to appeal the probate court's order was filed, our Supreme Court held that the district court erred in granting the appellees' motion to

dismiss without making any findings as to prejudice. *Id.* ¶¶ 12-13.

{15} In order to resolve the meaning of the phrase "manner as in cases brought in the district court" in Section 72-7-1(D), then, *Heiman's Will* counsels us to consult statutes and other relevant court rules that would apply to cases brought in district court at the time an appeal is made. NMSA 1978, Section 39-3-30 (1966) and Rule 1-054 govern the taxation of costs in district court. Section 39-3-30 provides in relevant part: "In all civil actions or proceedings of any kind, the party prevailing shall recover his costs against the other party unless the court orders otherwise for good cause shown." But Rule 1-054(D)(1) provides:

> Except when express provision therefor is made either in a statute or in these rules, costs, other than attorney fees, shall be allowed to the prevailing party unless the court otherwise directs; but costs against the state, its officers and agencies shall be imposed only to the extent permitted by law.

{16} In *Kirby v. New Mexico State Highway Department*, 1982-NMCA-014, 97 N.M. 692, 643 P.2d 256, the state appealed the district court's award of costs to the plaintiff, who prevailed against the state on claims arising under the Tort Claims Act, NMSA 1978, Section 41-4-1 to -30 (1976, as amended through 2015). *Kirby*, 1982-NMCA-014, ¶ 1. In *Kirby*, the state made an argument indistinguishable from the one the Engineer makes here: Since neither the Tort Claims Act nor Section 39-3-30 made express provision for the taxation of costs against the state, Rule 1-054(D) precludes

8

an award of costs to the party prevailing against the state in a civil action. *Kirby*, 1982-NMCA-014, ¶ 20.

{17} This Court rejected the state's argument in *Kirby* and read Section 39-3-30 to allow district courts to tax a prevailing party's costs against the State. First, we noted that Section 39-3-30

> originated in the Kearny Code of 1846 under the division entitled Costs, § 1. It was subsequently codified in C.L. 1865, ch. 45, § 1, and recodified, amended, compiled and recompiled over the intervening years until omitted by the compilers of the 1943 compilation of the New Mexico statutes because they felt it had been superseded by Supreme Court Rule 54(d) (now R.C.P. 54(d), N.M.S.A.1978). In Laws 1966, ch. 28, § 58, the section was amended and recompiled . . . . In expressly reinstating this statute and overriding the compiler's assumption that Rule 54(d) (first adopted in its present form, effective August 1, 1942, pursuant to Supreme Court order of March 20, 1942) was "deemed to supersede" the forerunners of [Section] 21-10-27, the [L]egislature gave express authority, without exception, to recovery of costs against any losing party.

*Kirby*, 1982-NMCA-014, ¶ 21. We went on to hold that even though the Tort Claims Act makes no express provision for the taxation of costs against the State,

> we are not impressed that the [L]egislature's silence, in that Act, is indicative of its intent to deny a successful complainant the recovery of his costs in a [t]ort [c]laims suit. In our view, the [L]egislature as easily could have expressed such a limitation, if it intended to do so, as it did in providing in the [T]ort Claims Act that no exemplary or punitive damages, or interest prior to judgment, could be included in any award.
>
> We must assume that the [L]egislature was aware of existing statutory and common law, including Rule 54(d), *supra,* and [Section] 39-3-30, when the Tort Claims Act was passed. We must also assume

that the 1966 [L]egislature was familiar with the compiler's annotation to Rule 54(d) when it deliberately returned [Section] 39-3-30 (then § 21-10-27, 1953 Comp.) to the statute books. Section 39-3-30 provides the statutory basis upon which Rule 54's reference to costs against the [s]tate may be allowed. The trial court's order in that respect was not error.

*Kirby*, 1982-NMCA-014, ¶¶ 22-23 (citations omitted).

{18} Taken together, *Heiman's Will* and *Kirby* provide the framework for understanding the plain meaning of Section 72-7-1(D). First, under *Heiman's Will*, Section 72-7-1(D)'s incorporation of the law that generally governs cost awards in district courts requires us to apply the law governing costs in "cases brought in the district court," including Section 39-3-30. Section 72-7-1(D). Second, *Kirby* recognizes that under Rule 1-054(D) NMRA, some express provision of law must authorize the taxation of costs against the state. Because the Legislature was aware of Rule 1-054 when it passed Section 39-3-30, *Kirby* concluded that the phrase "the part[y] prevailing shall recover his costs against the other party" includes the state by its plain terms. *Kirby*, 1982-NMCA-014, ¶ 21 (internal quotation marks and citation omitted). Applying *Heiman's Will* and *Kirby* to this case, the plain meaning of Section 72-7-1(D) allows district courts to tax costs in the same way and against anyone subject to a cost award in "cases brought in the district court." Section 72-7-1(D). And since state entities are subject to cost awards in such cases under *Kirby*, Sections 72-7-1(D) and 39-3-30 allowed the district court to tax Applicant's costs

10

against the Engineer in this case.

{19} The Engineer argues that our interpretation of the plain meaning of Section 72-7-1 cannot be squared with our Supreme Court's statement in *Lion's Gate Water v. D'Antonio*, 2009-NMSC-057, 147 N.M. 523, 226 P.3d 622 that Section 72-7-1 did not "give the judiciary de facto original jurisdiction over water rights applications." *Lion's Gate*, 2009-NMSC-057, ¶ 30. The Engineer concludes that since Section 72-7-1 does not give district courts original jurisdiction over water rights applications, an appeal from the Engineer's decision is not a "civil action[] or proceeding[] of any kind" under Section 39-3-30, but instead a special proceeding to enforce statutory rights.

{20} Even if we assume that in *Lion's Gate* our Supreme Court intended the phrase "de facto original jurisdiction" to mean "actual original jurisdiction," the Engineer's argument depends on an additional premise: that any proceeding that is not within the district court's original jurisdiction is not a "civil action[] or proceeding[] of any kind" under Section 39-3-30. *Id.* Even if we were to assume the Engineer's contention that appeals from the Engineer's decisions are not "civil actions or proceedings of any kind" and therefore not subject to Section 39-3-30, a deeper problem remains: if Section 39-3-30 does not apply to appeals of the Engineer's decisions because they are special statutory proceedings and not "civil actions or proceedings of any kind,"

11

how are we to interpret Section 72-7-1(D)'s reference to "the . . . manner [costs are taxed] in cases *brought* in the district court?" (Emphasis added.) In short, the Engineer's argument renders the text of Section 72-7-1(D) superfluous. *See Consol. Freightways, Inc. v. Subsequent Injury Fund*, 1990-NMCA-058, ¶ 15, 110 N.M. 201, 793 P.2d 1354 ("Courts assume that the [L]egislature will not enact useless statutes or amendments.").

{21}    To be sure, other elements of Section 72-7-1 appear to be in tension with our reading of Section 72-7-1(D). Section 72-7-1(B) states that if an appeal is not taken, the Engineer's decision "is conclusive." And Section 72-7-1(E) refers to "[e]vidence taken in a hearing before the state engineer." Taken together, Sections 72-7-1(B) and (E) suggest that the Engineer acts in the capacity of an adjudicator in deciding an application to change the point of diversion of a water right, and our rules of procedure do not contemplate the taxation of costs against a lower court when it is reversed on appeal. The Engineer contends that it would make no sense to allow the taxation of costs against the Engineer when the water code does not allow the Engineer to appeal his own decisions; in every case, the applicant initiates the Engineer's review of a given water right and appeals the Engineer's decision to the district court if the applicant is dissatisfied with the Engineer's review.

{22}    Whatever tension our reading of Section 72-7-1(D) has with other provisions

12

of the water code stems not from our understanding of the plain meaning of Section 72-7-1(D), but from the tension between the multiple, at times conflicting, responsibilities the water code imposes on the Engineer. As our Supreme Court noted in *Plummer v. Johnson*, 1956-NMSC-077, 61 N.M. 423, 301 P.2d 529, the Engineer is a "necessary, or at least a proper, party" to appeals from proceedings in his office, who must defend his own decision in the district court. *Id.* ¶ 8 (internal quotation marks and citation omitted). Thus, unlike an administrative adjudicator or trial court, which does not normally advocate on behalf of its judgment when it is appealed, the Legislature has tasked the Engineer with "general supervision of waters of the state[,]" NMSA 1978, § 72-2-1 (1982), and "adopt[ing] rules for priority administration to ensure that [his] authority is exercised" in a manner that does not interfere with adjudications of water rights, impair existing rights, or cause increased depletions of New Mexico's water supply. NMSA 1978, § 72-2-9.1(B)(1)-(3) (2003).

{23}     Importantly, the water code does not require hearings on applications to appropriate water to be conducted by a neutral hearing examiner; instead, the hearing examiner acts as a proxy for the Engineer, and it is the Engineer who ultimately decides whether to grant an application to appropriate waters based on the hearing examiner's report. *See* § 72-2-12 ("The state engineer shall base his decision rendered in any matter heard by an examiner upon the record made by or under the supervision

of the examiner in connection with such proceeding and the report and recommendation of the examiner; and his decision shall have the same force and effect as if said hearing had been conducted by the state engineer.").

{24} In this role, the Engineer is more akin to a private litigant who incurs his own and causes others to similarly incur costs in order to allow the district court to decide a case. Section 72-7-1(D) by its terms applies to proceedings in the district court, where the Engineer exercises his role as administrator of New Mexico's waters and must defend his judgment against attack. Since Section 72-7-1(D) relates to the Engineer's exercise of this duty, as opposed to his other duty as an adjudicator of claims, we do not think our interpretation of Section 72-7-1(D) puts it in tension with provisions of the water code relating to the Engineer's adjudication of applications concerning water rights.

{25} As the Engineer concedes, he vigorously opposed Applicant's appeal. By tasking the Engineer with both deciding claims and defending his own decision on appeal, the Legislature must have been aware that the Engineer would cause the parties against whom it litigates to incur costs and that the Engineer would incur his own costs defending his decision in the district court. By making express provision for the taxation of costs in Section 72-7-1(D), the Legislature allows parties to recoup costs incurred in correcting an erroneous decision by the Engineer; by the same token,

14

it provides the Engineer with a means of recovering resources expended defending the correctness of his decision on appeal.

{26} The purpose of the water code's appeals process also supports our interpretation of Section 72-7-1(D). Article XVI, Section 5 of the New Mexico Constitution, which was adopted by referendum in 1967 and codified by the Legislature in Section 72-7-1(D) in 1971, was meant to overrule our Supreme Court's holding in *Kelley v. Carlsbad Irrigation Dist.*, 1963-NMSC-049, 71 N.M. 464, 379 P.2d 763, *superseded by statute as stated in Lion's Gate*, 2009-NMSC-057, ¶ 21, that the district court's review on appeal of the Engineer's decisions is deferential and limited to the evidence considered by the Engineer below. *Lion's Gate*, 2009-NMSC-057, ¶ 34. Thus, while the water code provides a comprehensive administrative scheme that limits the scope of a district court's review in crucial respects, *id.* ¶ 36, the overall intent of Article XVI, Section 5 of the State constitution and Section 72-7-1 was to make clear that the Engineer's decision is entitled to no deference whatsoever. By making express provision for the district court to take new evidence, the Legislature intended Section 72-7-1 to place the Engineer in the same position as the appellant; the Engineer must participate in the district court proceedings, challenge the appellant's evidence and argument, and even offer his own evidence and argument in defense of his decision below. Given this purpose and the

15

Legislature's express provision for taxation of costs in the same way costs are to be taxed in civil actions, we infer a legislative intent to deter both unsupportable decisions by the Engineer and frivolous appeals by applicants in much the same way Rule 1-054 is designed to deter the bringing of frivolous claims and the imposition of meritless defenses in civil actions. Given the overall purpose of the water code's appeal provisions and the purpose of cost-shifting in civil actions, the natural import of Section 72-7-1(D) is to assign the taxation of costs against the party who loses the appeal, regardless of the party's identity.

{27}     Although ancillary to our construction of Section 72-7-1(D), its legislative history additionally supports our conclusion that the district courts may tax the prevailing party's costs against the Engineer. When the Legislature first adopted a provision allowing taxation of costs by reference to the district court rule in 1907, New Mexico district courts, as federal territorial courts, were bound by federal law. *See* Organic Act of 1850 establishing the Territory of New Mexico, Ch. 49, § 17, 9 Stat. 446 (1850). At that time, the consensus in federal courts was that absent government consent, the doctrine of sovereign immunity barred the taxation of costs against the state. *See* 10 Charles A. Wright et al., Federal Practice & Procedure § 2672.1 (3d ed. 2015). This explains a provision in New Mexico territorial law explicitly allowing the taxation of costs against the territory. *See* § 3, C.L. 1884, §

16

541 ("In all cases in which costs are adjudged against the Territory or any county, they shall be taxed and charged the same as in other cases and no more.").

{28}     Section 541 was later repealed and replaced by a provision outlawing the taxation of costs against the territorial government unless "absolutely fixed by specific law[.]" 1889 N.M. Laws, ch. 32, § 18 (repealing C.L. 1884, § 541). The language requiring costs incurred during appeals of the Engineer's decisions to be taxed in the same fashion as costs are taxed in district courts dates to 1907, when Chapter 32, Section 18 of New Mexico Laws was still in force. *See* 1907 N.M. Laws, ch. 49, § 66 ("The costs in [appeals from the board of water commissioners are] to be taxed the same as costs in cases in the district court and at the same rates and that the same shall be paid in accordance with the judgment of the board or [the] court in each case."). Thus, at the time it was adopted, the Legislature would have understood the provision allowing for the taxation of costs in water appeals to not apply to the territory itself because laws applicable at the time would have required an explicit statement subjecting the territory to the taxation of costs.

{29}     But two intervening developments changed the law in ways that are important to understanding Section 72-7-1(D)'s application in this case: first, the Legislature adopted Section 39-3-30 in 1966. As *Kirby* explains, the effect of Section 39-3-30 was to supersede Rule 1-054's prohibition of the taxation of costs against state

17

entities absent express statutory authorization. *Kirby*, 1982-NMCA-014, ¶ 21. Then, in 1971, the Legislature substantially amended and recompiled Section 72-7-1(D). As we noted in *Kirby*, when the Legislature recompiles or amends a statute, it is presumed to be aware of other relevant statutes and court holdings at the time of the recompilation or amendment. 1982-NMCA-014, ¶¶ 20-21. By leaving intact the language allowing the taxation of costs in the same manner as costs are taxed in cases brought in district court, the Legislature was presumptively aware Section 72-7-1(D)'s incorporation of the law governing costs in cases brought in district court would incorporate Section 39-3-30.

{30} We note that the Legislature is free to revise Section 72-7-1(D) in order to exempt the Engineer from taxation of costs on appeals in district court. But given our interpretation of Section 39-3-30 in *Kirby* and Section 72-7-1(D)'s broad and unqualified incorporation of the law governing taxation of costs in civil actions, we must reject the Engineer's arguments that Section 72-7-1(D) should not be construed to apply to all parties to an appeal from the Engineer's office, including the Engineer himself.

{31} In sum, the plain meaning of Section 72-7-1(D) subjects the Engineer to the taxation of costs in the same way that state entities are subject to cost awards in civil actions. We therefore conclude that the district court did not act outside its authority

in taxing Applicant's costs against the Engineer.

**The District Court Did Not Abuse its Discretion in Awarding Costs in This Case**

{32}    We review a district court's grant or denial of a motion for an award of costs for an abuse of discretion. *Pioneer Sav. & Trust, F.A. v. Rue*, 1989-NMSC-079, ¶ 12, 109 N.M. 228, 784 P.2d 415. The Engineer argues that the district court abused its discretion by taxing costs against the Engineer because it misapprehended the legal standard that applies to motions to tax costs and it rejected the Engineer's policy arguments against an award of costs in this case.

{33}    The Engineer first argues that the district court abused its discretion by applying an incorrect legal standard to Applicant's motion for costs. The Engineer points to oral statements by the district court that it "appears there is a directive" in Rule 1-054 and Section 39-3-30 that required the district court to tax Applicant's costs against the Engineer. The Engineer argues that this statement indicates that the district court granted Applicant's motion for costs because it was laboring under the mistaken belief that it had no discretion to deny the motion.

The district court's statement was as follows:

In amending [Section 72-7-1], these state engineer cases . . . could come to the court as a case that might well be litigated with new evidence and new costs . . . . When I read [Section 72-7-1] and look at Rule [1-054] concerning costs . . . I'm having a hard time with the . . . Engineer's position that costs shouldn't be awarded. It appears that there is a directive to me.

19

{34} We disagree with the Engineer's assertion that this statement proves that the district court was laboring under an incorrect apprehension of the law. Rather, the district court was expressing its general agreement with Applicant's argument that under Section 72-7-1(D), the prevailing party is presumptively entitled to an award of costs in all appeals of the Engineer's decisions. *See In re Stailey*, 1994-NMCA-015, ¶ 21, 117 N.M. 199, 870 P.2d 161 (noting that "a presumption exists that a prevailing party normally is entitled to costs as a matter of course and liability for costs is a normal incident of defeat"). Since we have already held that Section 72-7-1(D) imports this presumption into appeals from the Engineer's office, the district court's statement was legally sound insofar as it implied that the district court is presumptively required to award the prevailing party its costs. To the extent that the district court's statement can be characterized to suggest the court was not aware that it could deny Applicant's motion for costs as a matter of discretion, we are unwilling to infer such an unawareness based solely on the court's use of the word "directive."

{35} The Engineer next argues that because the district judge who granted Applicant's motion for an award of costs (Judge Mathew) was not the same district judge who presided over the trial and entered judgment in the case (Judge Pfeffer), "[i]t would have been difficult for Judge Mathew to exercise any discretion over some of the equitable factors raised by the State Engineer in his objections to the Cost

20

Bill." We note first that Applicant moved to recuse Judge Mathew, and the Engineer opposed Applicant's motion. Now the Engineer takes a different position altogether: Judge Mathew should have sustained the Engineer's objections to Applicant's bill of costs because he lacked familiarity with the case as a whole.

{36}    But Judge Mathew's order granting Applicant's motion for costs stated that he had "considered the briefs filed by both parties and the oral arguments of both parties" before deciding to grant the motion. To the extent that the Engineer argues that a district judge has an independent obligation to evaluate the entire record of a case (as opposed to those portions pointed out in briefing by the parties) in deciding whether to tax costs, we disagree. First, we note that a district court need only give reasons for *denying* a motion for costs; otherwise there is a rebuttable presumption that costs should be awarded to the prevailing party.

{37}    Second, the text and structure of Rule 1-054(D) make clear that the judge who awards costs to the prevailing party need not be intimately familiar with the proceedings before judgment. When a court enters judgment, the prevailing party submits a bill of costs to the clerk of court, not the district judge who presided over the case. Rule 1-054(D)(4). If the losing party fails to object to the prevailing party's bill of costs, then the clerk of court "*shall* tax the claimed costs which are allowable by law." *Id.* (emphasis added). Thus, Rule 1-054 tasks the clerk of court with the

21

responsibility of determining whether a specific cost is allowed by law and then creates a presumption that those costs are to be taxed against the losing party. A district judge only becomes involved when the losing party files objections to the prevailing party's bill of costs. *Id.* Thus, under Rule 1-054, it is the losing party's responsibility to identify aspects of the record and any other considerations that would justify disallowing costs; given the presumption in favor of awarding costs, it would make little sense to adopt the Engineer's argument that a district judge should consider the propriety of a cost award even without objections from the losing party.

{38} The Engineer next argues that the district judge's decision to tax costs against the Engineer was an abuse of discretion in light of the equities impacting this case. The Engineer argues that in opposing Applicant's claim, the Engineer was merely "act[ing] within the statutory mandate of the Water Code" by "tak[ing] reasonable and appropriate action to protect and administer the water laws of New Mexico." The Engineer also argues that awarding costs in this case will cause the Engineer to change its standing practice of refusing to seek an award of costs when it prevails in appeals to district court.

{39} The district court did not abuse its discretion in rejecting these contentions for two reasons. First, Section 72-7-1(D) cannot permit the taxation of costs against the Engineer as a general matter but render an award of costs an abuse of discretion when

22

the Engineer merely acts within his statutory mandate in defending the appeal; if that were so, every award of costs against the Engineer would be an abuse of discretion.

{40}     Second, we are not persuaded that the Engineer's threat to seek costs when it prevails dictates a conclusion that the district court abused its discretion. We note that the Engineer's threat to seek cost awards against the "farmers with small holdings, acequia parciantes, and concerned citizens" in other cases depending on the outcome of this case, seems retaliatory.

{41}     In sum, we see no abuse of discretion in the district court's decision to tax Applicant's costs against the Engineer.

**CONCLUSION**

{42}     Section 72-7-1(D) permits the taxation of the prevailing party's costs against the Engineer. The district court did not abuse its discretion in awarding costs against the Engineer in this case.

{43}     Affirmed.

{44}     **IT IS SO ORDERED.**

_____
**J. MILES HANISEE, Judge**

**WE CONCUR:**

_____
**CYNTHIA A. FRY, Judge**

_____
**RODERICK T. KENNEDY, Judge**